Debkowski *v.* Department of Public Welfare.

Argued May 5, 1972, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Louis M. Shucker,* Tri-County Legal Services, for appellant.

*Barry A. Roth,* Assistant Attorney General, with him *Marx S. Leopold,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, June 20, 1972:

The appellant, Bernard Debkowski, is a forty-eight year old disabled Veteran.   He is married and has three children.   His current income consists of monthly veteran's benefits and social security payments totaling

$116.40 and biweekly Workmen's Compensation payments of $120.00. He had been receiving Food Stamps since April 1, 1970, but he was notified on September 15, 1971 by the Berks County Board of Assistance that he was ineligible for Food Stamps because his net monthly income was higher than that established as the Income Exclusion Point for the Food Stamp eligibility of a family of five. Pursuant to Public Assistance (PA) Manual §3752.22, the County Board had computed the appellant's biweekly income on a monthly basis, and had then computed his net monthly income as $374.40, $14.40 above the Income Exclusion Point of $360.00. The appellant appealed this determination to the Department of Public Welfare (DPW) which conducted a hearing and upheld the County Board's ruling. He then appealed to this Court.

It is the appellant's contention that DPW's method of computing net monthly income fails to take into account the realities of his financial situation. For ten months of the year he receives only two Workmen's Compensation checks each month, and it is his contention that, in those months, his income is less than $360.00. It is only in two months of the year that he receives three Workmen's Compensation checks, he says, and it is only during those months that he would be ineligible for Food Stamps. He further contends that the DPW regulations are discriminatory because they require that his yearly income be averaged out over twelve months, while a striker who earns a much higher yearly income is eligible for Food Stamps during any month in which he is on strike. We sympathize with the appellant and recognize that he and his family may be suffering great hardship because of the low level of assistance which is being provided, but we cannot agree that DPW's regulations in this area are inequitable or invalid.

DPW ascertains net monthly income by use of a conversion table (PA Manual §3650), but the procedure involved is not merely an averaging of yearly income into twelve monthly segments. The weekly income is first ascertained and it is then converted to monthly income on the basis of 4.3 weeks per month. This procedure succeeds in representing what the *actual* income is over a specific period of time, i.e., one month. The fact that the appellant in this case does not receive actual checks totaling $374.40 per month is immaterial, for the amount determined as his net monthly income by this method does in fact represent what income he is entitled to receive, and will receive, for that month.

There is no discrimination involved, therefore, in giving Food Stamps to strikers while withholding them in this case. The annual income of the striker is not in question when he applies for Food Stamps, but only the income to which he is entitled for any given month. Similarly, it is not the appellant's annual income that is considered, but only that income to which he is entitled for the month concerned. If a worker is on strike, he will not be paid for the time he is not working, but the appellant is continually entitled to a specific amount of money (approximately $8.57 per day), and the precise day or hour when he receives it is not material.

The appellant is mistaken in his assertion that *Cooper v. Laupheimer*, 316 F. Supp. 264 (E.D. Pa. 1970), requires us to find the DPW regulation questioned here invalid. That case involved attempts by DPW to reduce current AFDC assistance grants in order to obtain repayment for duplicate prior payments. The District Court rightly found that DPW could not recover funds from the mother by reducing current assistance to the child, and said, "That Penn-

sylvania did provide extra aid months ago, which it now seeks to credit against the grant presently due, fails to recognize the reality of public welfare—the necessity of current payments for current needs. The state has a duty to see that the child's current needs are met." 316 F. Supp. at 269. The regulations concerned in the instant case do not violate the spirit of that opinion because here DPW does not look to see what the recipient will be entitled to receive in the future or what he has received in the past. Here it looks only to see what amounts the appellant is entitled to receive for the current month.

For these reasons, we issue the following

ORDER

Now, June 20, 1972, the appeal of Bernard S. Debkowski is dismissed and the adjudication and order of the Department of Public Welfare is affirmed.

———————

CONCURRING OPINION BY JUDGE CRUMLISH, JR.:

I strongly concur with Judge BLATT's conclusions that the appellant had not been discriminated against by his denial of Food Stamps, and that the Department of Public Welfare regulation governing the present situation is valid. I feel compelled, however, to make further comment about the factual background of the case appellant presents.

Appellant receives bi-weekly Workmen's Compensation payments which necessarily result in his receiving three payments during two of the *calendar months* each year. The other ten months he receives two payments. Appellant would have us believe that his financial stability is dependent upon bi-monthly payments and that the additional payments in the two odd months are not realistically applied for his normal expenses. He, therefore, claims that the monies available

to him on a monthly basis should only reflect two payments per month. It is this argument which is unrealistic.

It is inconceivable how the appellant can assert that the payment system by which he receives Workmen's Compensation benefits provides less security for his daily expenses than bi-monthly payments. Surely, when payments are fourteen days apart, rather than sixteen days apart, the payee will be better able to budget for daily expenses. The difference between bi-monthly and bi-weekly payments is purely accounting, with the benefit to appellant obviously accruing from the closer and more regular bi-weekly payments. Since the available monthly income under either system of payment would be the same, when measured on a daily basis, and since appellant's argument that bi-weekly payments do not provide realistically budgetable funds from two payments is specious, I join in the majority's dismissal of this appeal.