Commonwealth of Pennsylvania, Department of Public Welfare *v.* Rosalie Lesser, Appellant.

2

Argued January 9, 1976, before Judges KRAMER, WIL-KINSON, JR., and MENCER, sitting as a panel of three.

*Donald Marritz*, for appellant.

*Harold Dunbar*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 11, 1976:

This is an appeal by Rosalie Lesser (appellant) from an adverse adjudication by the Department of Public Welfare (DPW) which resulted in a diminution of her assistance benefits. The amount of assistance available to a recipient is decreased by the recipient's net income for the previous month after deductions taken in accordance with DPW's rules and regulations. Should a recipient's net income in one month exceed his or her allotment, benefits for the following month are discontinued. *See Department of Public Welfare v. Ivy*, 18 Pa. Commonwealth Ct. 348, 336 A. 2d 435 (1975). It must be borne in mind that, of necessity, the payments forthcoming in any month are estimated from income and deductions for the previous month. Appellant had been eligible to receive a maximum of $136 per month in assistance, payable in semimonthly installments of $68.

The facts as found by the hearing examiner are not in dispute and provide a concise summary of the history of this case:

"1. Appellant, Miss Lesser, first applied for assistance on May 13, 1974. On November 22, 1974, the Adams County Board of Assistance sent Miss Lesser a 162-A notice informing her that her public assistance check would be discontinued on December 6, 1974, because net income exceeded the Department's maximum allowance for one person. She was further informed that food stamps would also be changed starting January 1, 1975. The Board requested a return of Appellant's December 1974 financial statement.

"2. Appellant did not suffer any detriment due to the proposed action since she filed a timely appeal and her grant was subsequently reinstated.

"3. Appellant was sent another 162-A notice on January 8, 1975 informing her that the Board proposed to reduce her grant from $68.00 to $30.20. Unlike the 162-A notice sent to Miss Lesser on November [22], 1974, the January 8, 1975, notice did not state reasons for the grant's reduction, nor did it cite the appropriate regulations upon which the reduction was based. The notice contained numerical computations upon which the monthly grant was determined.

"4. Miss Lesser was informed that a request for a hearing was received by the Board by a letter sent to her on January 30, 1975. Her request for an appeal was timely. The Office of the Hearing Examiner notified Appellant that a hearing was scheduled for March 4, 1975.

"5. Appellant works part time as a kitchen helper at the Fairview Inn and her income fluctuates each month. She has submitted pay stubs to the Board showing her income for the months of September, November and December, 1974. She owns an automobile and drives to work which involves approximately nine (9) miles round trip for three (3) days a week. Miss Myers stated that Appellant did not

4

have transportation expenses deducted from her earnings in determining her November grant, but said deduction was made for the December computation. Based on DPW regulation 3234.41(1), which allows for a transportation deduction of $.07 per mile, Miss Lesser was given an $8.50 per month deduction for said expenses.

"6. DPW regulation 3234.31 was used to convert the three (3) weeks pay earned by Appellant into an estimated monthly figure since her earnings each month were not uniform."

The arguments raised by appellant before this Court are essentially the same as those raised before the hearing examiner. Appellant contends that DPW erred, according to its own regulations, in calculating the deductions from gross income earned by claimant, thus reducing the assistance she was eligible to receive. Appellant also attacks the constitutionality of DPW's regulations governing deductions for travel expenses and the sufficiency of the notices of hearing given appellant on November 22, 1974 and January 8, 1975. The hearing examiner ruled against appellant on all issues except the sufficiency of the January 8, 1975 notice; hence, this appeal.

Our scope of review is limited by Section 44 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, *as amended,* 71 P.S. §1710.44. We must affirm DPW's adjudication, provided it is in accordance with law, all the necessary findings of fact are supported by substantial evidence, and appellant's constitutional rights have not been violated. *Earley v. Department of Public Welfare,* 13 Pa. Commonwealth Ct. 17, 317 A. 2d 677 (1974).

Appellant first objects to DPW's application of regulation 3234.31 which was used by her caseworker to convert three weeks' pay to an estimated monthly figure

for the purposes of calculating her net income. Regulation 3234.31 reads:

"3234.31   *Converting to a Monthly Amount*

"Expenses, like income, may be recurring or non-recurring. However, both income and expenses are expressed in monthly amounts.

"If recurring income is not received or recurring expenses are not incurred on a monthly basis, they are converted into a monthly amount. (For converting from a weekly to a monthly equivalent, use the conversion table in 3650 Appendix II). If the amount or date the client receives the income or incurs the expense is irregular, the amount for a given period is either: (a) the actual amount received or incurred during the period; or (b) the estimated amount for a given period, reestimates are made as often as circumstances require.

"Non-recurring income or expenses for the month is the actual amount received or incurred."

It is uncontested that appellant's income was recurring but not uniform from month to month. The regulation clearly gives two permissible methods for calculating income in this circumstance. The caseworker was acting within the scope of the regulations when she chose method (b) above. Additionally, this Court has upheld the use of the monthly conversion table in *Debkowski v. Department of Public Welfare*, 6 Pa. Commonwealth Ct. 28, 291 A. 2d 821 (1972).

Appellant's next contention is that DPW erred by allowing deductions for taxes amounting to $19.80 based on estimated income rather than by subtracting the actual deductions made from appellant's pay for December (approximately $27). Regulation 3234.421 controls tax deductions and provides in part:

"From gross wages, commissions, bonuses and training allowances deduct:

**6**

"1. The actual deductions made by the employer for expenses over which the client has no control (e.g., social security, income withholding tax, wage tax). *The deductions for income withholding tax cannot exceed the amount shown in the Internal Revenue Service Tables* (3234 Appendices I and II) for the client's known dependents." (Emphasis added.)

Appellant's caseworker testified that the deduction allowed was based on calculations from appellant's income as estimated according to regulation 3234.31. The reason for limiting the deductions to those in the federal tables is that tax refunds paid before the first payment day of the year following June 15 of the year after the taxable year are not subject to reimbursement (regulation 3821.2). If the tables were not used, a recipient could, by taking fewer exemptions, increase deductions from gross income under regulation 3234.421 which would in turn increase assistance payments. When the excess income tax withheld had been refunded, DPW could not seek reimbursement. The recipient would therefore obtain a windfall. We find that DPW correctly calculated the estimated tax according to its regulations.

A large portion of appellant's brief is devoted to convincing this Court that regulation 3234.41 unconstitutionally discriminates between persons who drive their own automobiles to work and those who ride public transportation or ride in a car pool. We remain unconvinced. Regulation 3234.41 reads in pertinent part:

"1. The expenses for transportation to and from employment: for public transportation or transportation by another person's automobile, the deduction is the actual cost; for transportation by the client's automobile, the deduction is (a) 7¢ per mile, plus (b) the monthly payment on the automobile subject to a maximum of $30 a month."

To pass muster under the Equal Protection Clause, the classification in a regulation must meet the test announced in *Dandridge v. Williams,* 397 U.S. 471, 485 (1970):

> "In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification '. . . in practice . . . results in some inequality.'" (Citation omitted.)

Appellant's counsel informs us that he has strained without success to find a reasonable basis for the disparate treatment of riders and drivers. Perhaps he has overlooked the obvious. It is relatively simple to account for and prove the actual cost of public transportation; the number of trips may be calculated with ease and receipts may be obtained. Even cash contributions to another driver are objective and straightforward. However, the task of computing the amount of actual transportation costs attributable to commuting to and from work by automobile is quite difficult. How are repair costs to be allocated? Should costs be computed monthly or on the basis of a fraction of a year? How are side trips on the way to and from work to be treated? Who in fact will be responsible for the calculations involved? To provide answers to these and other questions would substantially increase the size of the already massive Public Assistance Manual with no assurance that equal protection would be enhanced. DPW has merely followed the time-honored and reasonable path of estimating travel expenses. While a figure of 7 cents a mile may indeed be unrealistic in view of today's costs, that is an argument best directed to the rule-making authority.

As to the insufficiency of the November 22, 1974 notice, we agree with the examiner that appellant suffered no detriment, since her grant was reinstated and

8

she had full and ample opportunity to present her arguments. Therefore, we enter our

ORDER

Now, this 11th day of March, 1976, the adjudication and order of the Department of Public Welfare are affirmed.