Rosemary Luhovey, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs, February 2, 1978, to Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Peter P. Cherellia,* with him *Gary Robert Fine,* for appellant.

*John A. Kane,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 19, 1978:

A decision of the Department of Public Welfare (Department/Appellee) finding Rosemary Luhovey (Appellant) liable for an overissuance of food stamps, and ordering her to make restitution thereof, is the subject of this appeal.

As required of recipients of food stamps and public assistance grants,[1] Appellant was registered in a Manpower Work Incentive Program. On September 29, 1975, she enrolled in a 15-week secretarial training course during which time she received a $30.00 weekly incentive payment to attend classes. In July, 1976, the County Board of Assistance, claiming that Appellant's failure to report the incentive payments resulted in an overissuance of food stamps during the preceding nine months, notified Appellant that the cost of her monthly food stamp allowance would be increased to recoup the amount of the overissuance.

Appellant was granted a hearing before a Department Hearing Officer who found that the Department should have been aware that Appellant was receiving weekly Manpower incentive payments. He, however, concluded, relying on Sections 3757.22(B) and (D) of the Pennsylvania Public Assistance Manual (Manu-

---

[1] Section 167.41 of the Pennsylvania Public Assistance Eligibility Manual states in relevant part:

(a) *Legal Provisions:* . . . These amendments require all AFDC applicants/recipients, unless otherwise exempt, to register for WIN work or training as a condition of eligibility for assistance.

al),[2] that regardless of whether the overissuance resulted from administrative or client error, restitution must be made.

Claiming that the Department's regulations and the conclusion of the Hearing Officer conflicts with the Federal Food Stamp Act of 1964 (Food Stamp Act)[3] and results in a violation of the Supremacy Clause and a deprivation of Equal Protection and Due Process Guarantees, Appellant appealed to us.

It is asserted that to require Appellant to make restitution of a food stamp overissuance, which was no fault of her own, frustrates the purpose and spirit of the Food Stamp Act, which, she argues, is intended to permit families of limited income to purchase a nutritionally adequate diet. This strict liability approach to restitution, so she says, contradicts federal regulations and therefore violates the Supremacy Clause of the United States Constitution. Appellant further urges that this conflict also results in a denial of her due process rights guaranteed by the Fourteenth Amendment to the United States Constitution because she is arbitrarily precluded from enjoying rights given under the federal regulations. Lastly, Appellant asserts that there is no rational basis for

[2] Section 3757.22(B) of the Manual states, in relevant part:

An overpayment claim is submitted in each instance of overissuance of bonus coupons regardless of the amount of the overissuance and regardless of whether the overissuance involves administrative or client error, fraudulent or non-fraudulent.

Section 3757.22(D) of the Manual states, in relevant part:

Restitution is sought for all overpayments including those where a hearing decision reveals that there has been an overissuance of bonus coupons prior to and during the pendency of the appeal.

[3] See 7 U.S.C.A. §2011 et seq.

the Department's restitution regulation nor a legitimate state interest in pursuing restitution in this particular case and, therefore, the regulation deprives her of her constitutional guarantee to equal protection under the law.

We disagree.

The Department's regulations are in harmony with the federal regulations governing the actions of participating state agencies in dealing with food stamp distributions. Section 7 of the Code of Federal Regulations, 7 C.F.R. §271.7(f) (1977), states in pertinent part:

> If excess free coupons are issued because of a certification error by the State agency or a misunderstanding of program provisions by a participating household, the State agency *shall . . . make demand upon such household for repayment of the value of the free coupons issued to the household as a result of such certification error or misunderstanding of program provisions.* The State *agency* may decline collection action to recover the value of the excess free coupons from the recipient household in any case in which such value is less than $400 under the following conditions:
>
> (1) The issuance of excess free coupons did not involve gross negligence or fraud covered by paragraphs (a) and (d) of this section; and
>
> (2) The State agency determines that either:
>
> > (i) It cannot collect or enforce collection of any significant sum from the household,
> >
> > (ii) The cost of collection action likely will exceed the amount recoverable thereby, or

(iii)   Evidence necessary to prove the claim cannot be produced.

In any case described in this paragraph in which the value of excess coupons issued is $400 or more, the State agency *may* decline collection action under the conditions specified herein only with the concurrence of FNS.  In any such case, the State agency shall submit a statement of the facts and its proposed determination to FNS for review and concurrence. (Emphasis added.)

Clearly, forgiveness of restitution by the Department is optional, not mandatory, and the federal regulations give Appellant no vested rights to public assistance over and above that for which she is eligible.  Also, Appellant has failed to establish the invidious discrimination allegedly produced by the application of the Department's regulations; all overpayment claims are processed in a uniform manner by the Department.

We hold that Claimant/Appellant fails in all her contentions because there has been no lack of substantial evidence, a disregard of the law, or a violation of constitutional rights, and, therefore, affirm the Department's decision.[4]

Accordingly, we

## Order

And Now, this 19th day of June, 1978, the decision of the Department of Public Welfare is affirmed.

---

[4] Under Section 44 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.44, our scope of review is limited to a determination of whether an error of law was committed, necessary findings of fact were unsupported by substantial evidence, or constitutional rights were violated. *See Department of Public Welfare v. Lesser*, 24 Pa. Commonwealth Ct. 1, 354 A.2d 17 (1976).