Merrel W. Lumadue, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 3, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Paul Osborne,* with him *Catherine A. Davis,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, September 6, 1978:

This is an appeal by Merrel W. Lumadue, Jr., from the order of the Department of Public Welfare (DPW) affirming the denial of assistance by the Clearfield County Board of Assistance. DPW determined that claimant failed to meet the eligibility requirements of Section 432.3 of the Public Welfare Code, Act of June 13, 1967, P.L. 31 (Act), *as amended,* added by Section 5 of the Act of July 9, 1976, P.L. 993 (effective September 13, 1976) 62 P.S. §432.3.

The undisputed findings of fact reveal that claimant was last employed as a custodian in the housekeeping department at Clearfield Hospital at $2.97 per hour, where he had worked approximately two and one-half years. He was discharged on September 22, 1976 because he refused to accept a temporary assignment as an orderly in the operating room when the regular orderly was absent due to a death in his family. Claimant previously had worked as an orderly and he received a higher rate of pay for the temporary work.

Claimant applied for financial assistance on December 3, 1976, 72 days after his discharge. The application was denied by the County Board of Assistance.[1] Claimant appealed. After a hearing, the hearing examiner affirmed the denial. He concluded that claimant refused a reasonable work assignment at the hospital without justification and thereby failed to retain employment as required by Section 432.3 of the Act and Section 3182 of the DPW-OIM PA Manual regulations.[2]

---

[1] Claimant was subsequently granted assistance beginning January 13, 1977.

[2] At the time of the January 17, 1977 hearing on claimant's application for financial assistance, DPW had formulated regulations effective December 25, 1976, Section 3182 of which read, in pertinent part, as follows:

The decision was reviewed by the DPW Hearing and Appeals Unit (Appeals Unit) and remanded for further findings of fact regarding claimant's attempts to find work. On remand, the following relevant findings were made:

2. The appellant made *no* applications for employment from the time of his dismissal— September 22, 1976 until he began receiving assistance on January 13, 1977. His only effort was to inquire of friends if they knew of any employer who was hiring.

3. The appellant had *no* interviews with employers. He was interviewed by [the Bureau of Employment Security] counsellor on two occasions about a referral for employment. The first occasion was about a month after his dismissal. The positions were an auto body repair trainee starting at a wage of $2.50 an hour, the second as an auto mechanic trainee at $3.00 an hour. When the appellant advised that his grievance filed to obtain his position at the hospital was in arbitration, and if he won he would return to his former job, the [Bureau of Employment Security] did not refer him to either of the above jobs.

---

3182 *ELIGIBILITY REGULATIONS RELATING TO EMPLOYMENT*

Every employable person is required, as a condition of eligibility for assistance, to seek, accept and retain employment within the level of his capacity. The effect of failure to retain employment on eligibility for assistance depends on the following factors: the deliberateness and frequency of leaving employment, and the person's efforts to seek other employment.

An employable person who fails to meet these requirements is ineligible for assistance for 30 days thereafter and until such time as the person is willing to comply with the employment requirements.

Approximately a month later, he was contacted by the [Bureau of Employment Security] about a referral for a job as custodian. The appellant advised his grievance was still unresolved and the [Bureau of Employment Security] again declined to refer him for the position.

. . . .

5. At the hospital, the appellant was seeking to be reinstated in his old position as a custodian in the Housekeeping Department. . . .

6. The appellant has received no job offers by either the hospital or any other employer. (Emphasis in original.)

The hearing examiner again concluded that claimant was ineligible because he failed to "seek" other work as required by Section 3182 of the DPW regulations in that, while not refusing referrals, he did inform the Bureau of Employment Security (Bureau) that he would quit any work to which he might be referred and return to the hospital, should the labor grievance be resolved in his favor.

The Appeals Unit affirmed the hearing examiner's decision and issued an amended order which supported the denial of assistance on the basis of the employment requirements of Sections 405.1 and 432.3 of the Act, 62 P.S. §§405.1, 432.3, and Section 3183.2 of the DPW-OIM PA Manual regulations, 7 Pa. B. 595 (effective March 5, 1977).[3]

---

[3] Section 3183.2 is now found, in slightly different form, at 55 Pa. Code §165.23(e)(2). Claimant asserts that the regulations cited as supporting authority in the amended order of the Appeals Unit are inconsistent with Section 432.3 of the Act. However, these regulations were not in effect at the time of the hearings and the issue is not ripe for adjudication in this case. *See Harer v. Department of Public Welfare*, 31 Pa. Commonwealth Ct. 136, 143, 375 A.2d 865, 868 (1977).

We must affirm DPW's adjudication, provided it is in accordance with law, all the necessary findings of fact are supported by substantial evidence, and appellant's constitutional rights have not been violated. *Department of Public Welfare v. Lesser,* 24 Pa. Commonwealth Ct. 1, 4, 354 A.2d 17, 19 (1976).

Claimant argues that DPW's adjudication was not in accordance with the law because (1) his refusal to accept the temporary hospital assignment and his statement to the Bureau with regard to his desire to return to his former job, if available, were insufficient to disqualify him under Section 432.3 and (2) DPW's application of the 30-day period of disqualification was inconsistent with and contrary to the statutory provisions of Section 432.3.

Section 432.3 of the Act provides eligibility standards for initial applicants and for continuing assistance recipients.[4] It provides:

A person who is not in a class of persons excluded from mandatory participation in the Pennsylvania employables program and who without good cause: (i) voluntarily terminates employment or reduces his earning capacity for

---

[4] The Act of July 9, 1976 provides for the first time in Pennsylvania a legislative program outlining initial and continuing eligibility requirements. Sections 432.3 and 405.1 establish criteria by which an employable person may be eligible for assistance and procedures to aid employable recipients become self-dependent. Prior to the enactment of the Act of July 9, 1976, DPW had broad discretionary rule-making powers with regard to eligibility requirements. Since it provides statutory eligibility requirements, DPW's discretion has been limited, and its regulations must reflect the statutory criteria in accordance with Section 403 of the Act, which provides, in pertinent part:

(b) The department shall establish rules, regulations and standards, *consistent with the law,* as to eligibility for assistance and as to its nature and extent. (Emphasis added.)

the purpose of qualifying for assistance or a larger amount thereof; or (ii) fails or refuses to accept referral to and participate in a vocational rehabilitation or training program, including the work incentive program, or refuses to accept referral to and work in employment in which he is able to engage, provided such employment conforms to the standards established for a bona fide offer of employment in the Pennsylvania employables program, shall be disqualified from receiving assistance for thirty days thereafter and until such time as he is willing to comply with the requirements of section 405.1. Section 405.1 provides, in pertinent part:

(a) Every individual, within ten days after establishing eligibility for public assistance, as a condition of continuing eligibility for aid to families with dependent children or general assistance, shall register in accordance with regulations of the department for employment, training and manpower services. . . .

. . . . .

(c) No person registered pursuant to subsection (a) shall refuse to accept a bona fide offer of employment or training. . . .

(d) Any person required to register pursuant to subsection (a) who wilfully:

(1) fails to register; or

(2) refuses a bona fide offer of employment or training in violation of subsection (c) shall be ineligible for aid to families with dependent children or general assistance.

We agree that the 30-day period of disqualification required by Section 432.3 was improperly applied by DPW. As applied, if DPW found that an applicant engaged in acts *prior to his application* which sub-

jected him to disqualification under Section 432.3, he would be unable to receive assistance for 30 days *after the date of application,* regardless of when the disqualifying acts occurred and regardless of whether the applicant was willing to comply with the requirements of Section 405.1. However, the pertinent part of Section 432.3 provides that, when a claimant has engaged in a disqualifying act, he "shall be disqualified from receiving assistance for thirty days *thereafter. . . ."* (Emphasis added.) The word "thereafter" which is defined as "from then on" in Webster's Third New International Dictionary, Unabridged (1966) clearly indicates that the 30-day period must be limited to the 30 days immediately following the disqualifying act. We may not disregard this clear intent since words must be construed according to their common and approved usage. *See* the Statutory Construction Act of 1972, 1 Pa.C.S. §1903(a).

The consequence of DPW's application is that it may unduly penalize an applicant who might be declared ineligible for 30 days from the date of application, even though a long period of time had passed between the disqualifying act and the application, at which time he was willing to comply with the requirements.

DPW argues that, if strictly interpreted, administration of the period of disqualification becomes unworkable where discovery of the disqualifying act is delayed, especially in the case of a continuing recipient. This argument is without merit since, in these circumstances, DPW has the power to recoup assistance granted during the period of ineligibility pursuant to Section 432.16 of the Act, 62 P.S. §432.16.[5]

---

[5] Section 432.16 provides, in pertinent part:

(a) In accordance with federal law and regulations, the department shall establish procedures for recoupment of

As a result of requiring the 30-day period of ineligibility to be measured from the day of the disqualifying act, an applicant may not be disqualified on the basis of acts which occurred more than 30 days prior to application unless he is *unwilling* "to comply with the requirements of Section 405.1." This means that Lumadue should not have been disqualified for his refusal to accept the temporary assignment 72 days prior to application, regardless of whether such refusal constituted a disqualifying act, *unless at the time of application* he was unwilling to comply with Section 405.1, which requires acceptance of bona fide offers of employment. There is nothing, other than his desire to return to his former job, to suggest that he was unwilling to accept bona fide employment. He never expressed an intention to refuse any offer of employment. On the contrary, his willingness to comply and be self-dependent is shown by his registration for work with the Bureau, his attempt to regain his former position and his attempts to find work through friends. Therefore, DPW erred in concluding that Lumadue was disqualified on the basis of any act which occurred more than 30 days prior to application since the record demonstrates his willingness to comply upon application.

Nevertheless, DPW would disqualify Lumadue for his statements to the Bureau within 30 days of application which indicated his intention to quit work to which referred, if his former job were available.

The hearing examiner had reasoned that such statements were indicative of a failure to "seek" work as required by Section 3182 of the DPW regulations in

prior overpayments caused by the recipient's willful withholding of information concerning his income, resources, or other circumstances which may effect the amount of payment. . . .

effect at the time of the hearing. However, the regulatory requirement that one "seek" work imposes a greater affirmative burden on a claimant than the statutory requirement of Section 432.3 that one "accept" work. Therefore, the regulation was inconsistent with the Act and was invalid. *See* Section 403 of the Act, 62 P.S. §403.

DPW maintains, however, that Lumadue's statements placed such restrictions upon the Bureau's ability to refer him that, in effect, he refused referrals and realistically was unavailable for work in which he was able to engage. We disagree. While his statements may have discouraged the Bureau from referring him to certain job prospects, there is no evidence that he would have actually refused such referrals if made. The evidence demonstrates that he informed the Bureau of his intentions or preferences honestly and the Bureau, in its discretion, "declined" to refer him. He did not foreclose acceptance of a referral or work offer.

The proper interpretation and application of Section 432.3 and the undisputed facts show that Lumadue should not have been disqualified from receiving assistance. Accordingly, we enter the following

### ORDER

AND Now, this 6th day of September, 1978, the amended order of the Hearing and Appeals Unit of the Department of Public Welfare, dated March 18, 1977, is reversed, and the case is remanded to the Department of Public Welfare for computation of the assistance which must be granted to Merrel W. Lumadue, Jr., for the period between December 3, 1976 and January 13, 1977.