Shirley Keller, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Helen P. Snyder, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 1, 1982, before Judges MENCER, BLATT and DOYLE, sitting as a panel of three.

*Thomas W. Scott, Killian & Gephart,* for petitioners.

*Kathleen McGrath,* with her *Amy Zapp,* Deputy Attorney General, *Bruce G. Baron,* Assistant General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, March 31, 1982:

Shirley Keller and Helen P. Snyder (petitioners) have each appealed from decisions of the Secretary of the Department of Welfare (Department) which denied reimbursement for diagnostic x-rays ordered by chiropractors. The two cases were consolidated for argument. We reverse in both.

Each of the petitioners is eligible for medical assistance pursuant to Section 441.1 of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended,* added by Section 5 of the Act of July 31,

1968, P.L. 904, 62 P.S. §441.1. Each of them sought treatment from a chiropractor who ordered diagnostic x-rays. Each was denied reimbursement for the cost because diagnostic x-rays are not included in. the schedule of chiropratic services covered by the Medical Assistance Program, 55 Pa. Code §1145.11, although they *are* included in the schedule of *medical* services covered by the program, 55 Pa. Code §1141, Appendix A, Part V. Both petitioners argue that this exclusion is improper because the legislature intended that diagnostic x-rays be reimbursable when ordered by a chiropractor. We agree.

Section 443.3 of the Code, added by Section 5 of the Act of July 31, 1968, P.L. 904, 63 P.S. §443.3, provides, in pertinent part:

Payments on behalf of eligible persons shall be made for other services, as follows:

. . . .

(2) Rates established by the department for (i) other laboratory and X-ray services prescribed by a physician, chiropractor or podiatrist and furnished by a facility other than a hospital which is qualified to participate under Title XIX of the Federal Social Security Act.

. . .

This section clearly expresses a legislative intent to provide payment for diagnostic x-rays ordered by a chiropractor. The Department may not frustrate this legislative intent by adopting an inconsistent regulation. *See Lumadue v. Department of Public Welfare,* 37 Pa. Commonwealth Ct. 428, 391 A.2d 22 (1978). Moreover, while the qualifying language '' [r]ates established by the department'' gives the Department power to determine the reasonable amount to be paid for the services, it does not permit the Department to deny payment by failing to fix a rate.

Our conclusion is similar to that reached in a recent decision of the Supreme Court of Minnesota, *Buhs v. Department of Public Welfare,* Minn. , 306 N.W.2d 127 (1981). The Minnesota court reasoned that (1) the state could be reimbursed by the Federal Government for payments attributable to diagnostic x-rays ordered by chiropractors,[1] (2) the state legislature had elected to include payments to chiropractors in its medical assistance program, (3) diagnostic x-rays were specifically included by the legislature in its list of reimbursable services, and (4) the Department of Public Welfare, therefore, could not deny reimbursement for diagnostic x-rays ordered by a chiropractor. This reasoning is also applicable to the cases presently before us, in spite of the different wording employed in the Pennsylvania statute.

For these reasons, we will enter the following

ORDER

AND Now, this 31st day of March, 1982, the decision of the Secretary of the Department of Public Welfare, dated January 19, 1981, which upheld the denial of reimbursement to Shirley Keller for diagnostic x-rays ordered by a chiropractor, and the decision of the Secretary of the Department of Public Welfare, dated February 24, 1981, which upheld the denial of reimbursement to Helen P. Snyder for diagnostic x-rays ordered by a chiropractor, are hereby reversed, and the cases are remanded for the calculation of payment.

---

[1] The Minnesota court held that such reimbursement is provided by Title XIX of the Social Security Act, 42 U.S.C.A. §§1396-1396k. The Pennsylvania statute does not require that the *cost* be *recoverable* from the Federal Government, only that the *facility* which furnishes the service be *qualified* to participate under Title XIX. Each of the facilities involved in the cases before us was qualified.