463 A.2d 1007

**Shirley KELLER and Helen P. Snyder, Appellees,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Appellant.**

Supreme Court of Pennsylvania.

Argued May 23, 1983.

Decided July 8, 1983.

Kathleen F. McGrath, Amy Zapp, Margaret Hunting, Deputy Attys. Gen., Bruce Baron, Asst. General Counsel, Dept. Public Welfare, Philadelphia, for appellant.

Thomas W. Scott, Harrisburg, for appellees.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

McDERMOTT, Justice.

This is an appeal from an order of the Commonwealth Court which reversed orders entered by the Department of Public Welfare (hereinafter "D.P.W."). The lower court opinion appears at 65 Pa.Cmwlth 520, 442 A.2d 1236 (1982). We now reverse.[1]

Appellees, Shirley Keller and Helen Snyder, were eligible recipients of benefits under the Pennsylvania Medical Assistance Program (hereinafter "M.A. Program") which is administered by the DPW under 62 P.S. § 441.1–453.[2] Pursuant to its statutory authority, the DPW enacted a regulation dated September, 1980, which provided that costs arising from x-rays ordered and taken by chiropractors would no longer be covered under the M.A. Program. 55 Pa.Code § 1145.54. Appellees, whose treatment included x-rays prescribed and furnished by chiropractors, were duly informed of this policy change pursuant to the requirements of the Public Welfare Code. 62 P.S. § 432.17.[3] Nevertheless, they continued to receive x-ray treatments furnished by chiropractors.

Because they were adversely affected by the DPW's regulation, appellees challenged it before the hearing and appeals unit of the DPW and Helen O'Bannon, the secretary of the DPW. Their claims were rejected in both forums. They appealed to the Commonwealth Court which, after consolidating the two cases with the consent of all parties, reversed the findings of the administrative bodies. The court rea-

1. Jurisdiction is vested in this Court pursuant to the Act of July 9, 1976 P.L. 586, No. 142 § 2, 42 Pa.C.S.A. § 724(a).

2. Public Welfare Code, Act of June 13, 1967, P.L. 31, article IV § 441.1, as amended by act of July 31, 1968, P.L. 904, No. 273 § 3; 62 P.S. 441.1–453, repealed in part by act of June 20, 1978, P.L. 477, No. 70 § 13(b), creating the Department of Aging [71 P.S. § 581–1, *et seq.*].

3. Act of July 9, 1976, P.L. 993, No. 202 § 5, 62 P.S. § 432.17, repealed in part by Act of June 20, 1978, P.L. 477, No. 7, § 13(b), creating the Department of Aging. [71 P.S. § 581–1, et seq.]

soned that under 62 P.S. § 443.3(2)(i) appellees were entitled to benefits.[4]

Section 443.3(2)(i) provides as follows:

Payments on behalf of eligible persons shall be made for other services, as follows:

\* \* \* \* \* \*

(2) Rates established by the department for (i) other laboratory and x-ray services prescribed by a physician, chiropractor or podiatrist and furnished by a facility other than a hospital which is qualified to participate under Title XIX of the Federal Social Security Act[5]

The Commonwealth Court concluded that under this section, appellee's x-ray bills were covered since they had been "ordered by" a chiropractor. This analysis is flawed because it fails to recognize that there are two requirements under § 443.3(2)(i). X-ray services will be covered if they are (1) "prescribed by a . . . chiropractor" *and* (2) if they are "furnished by a facility . . . which is qualified to participate under Title XIX of the Federal Social Security Act."

In the instant matter, there is no question that appellees met the first of these requirements since the x-rays were ordered by chiropractors. However, they failed to satisfy the second provision because under title XIX chiropractors are not authorized to furnish x-rays.

■ Although chiropractors may be qualified to participate in the M.A. Program under Title XIX, the taking of x-rays is not included among those services they are authorized to provide for which benefits are available. Section 1396d(g) of Title XIX defines the parameters of services subject to reimbursement which a chiropractor may perform. It provides as follows:

4. Act of June 13, 1967, P.L. 31 art. IV § 443.3, *as added* by Act of July 31, 1968, P.L. 904, No. 273 § 5 *as amended* by Act of November 28, 1973, P.L. 364, No. 128 § 1, repealed in part by Act of June 20, 1978, P.L. 477, No. 7 § 13(b), creating the Department of Aging, [71 P.S. § 581–1 *et seq.*]

5. Act of July 30, 1965, P.L. 89–97, § 121(a), 42 U.S.C.A. § 1396–1396 n (Title XIX of the Social Security Act).

(g) Chiropractors' services. If the State plan includes provision of chiropractors' services, such services include only—

(1) services provided by a chiropractor (A) who is licensed as such by the State and (B) who meets uniform minimum standards promulgated by the Secretary under section 1861(r)(5) [42 USCS § 1395x(r)(5)]; and (2) services which consist of treatment by means of manual manipulation of the spine which the chiropractor is legally authorized to perform by the State.

There are no authorizations allowing chiropractors to take x-rays or provide other services. Thus, under Title XIX, a chiropractor is not qualified to furnish x-rays.

The Commonwealth Court erred in ignoring this limitation because under § 443.3(2)(i), the DPW must look to Title XIX for guidance as to what facilities are qualified to furnish x-rays. In essence, § 443.3(2)(1) incorporates Title XIX into the M.A. Program with respect to the issue of payment for x-rays ordered and furnished by chiropractors. Therefore, because, as pointed out above, § 1396d(g) of Title XIX does not authorize chiropractors to take x-rays, the administrative tribunals below correctly applied the DPW's regulation of September 1, 1980, denying appellee's request for benefits.

The DPW's regulation recognizes the close interrelation between Title XIX and the M.A. Program, a fact which has also been observed by this Court and the Social Security Act. *See Delaware Valley Convalescent Center Inc. v. Beal*, 488 Pa. 292, 412 A.2d 514 (1980). *See generally,* 42 U.S.C.A. § 1396a, 42 U.S.C.A. § 1396a(17). Moreover, the Public Welfare Code empowers the DPW to regulate the M.A. Program so that its benefits are available in accordance with the terms of Title XIX.

Section 451 of the Public Welfare Code provides in pertinent part as follows:

Notwithstanding any other provision of law, the department, with the approval of the Governor, may by regulation grant assistance to any persons, *modify or discontinue*

any type of assistance and establish new types of assistance in order to insure receipt of Federal contributions for such assistance.

62 P.S. § 451. (Emphasis supplied.)[6]

Thus, the fact that the regulation of September 1, 1980 departed from previous policy, contrary to appellees' assertions, provides no basis for the contention that the change was invalid. The challenged regulation, rather than constituting a misinterpretation of the law, as appellees contend, represents a reasonable attempt by the DPW to calibrate the operation of the M.A. Program with the provisions of Title XIX in compliance with the terms of § 443.3(2)(i).

█ We therefore hold today that under current provisions of the Public Welfare Code and Title XIX of the Social Security Act, benefits to cover costs for x-rays *ordered by* chiropractors are not available through the Pennsylvania Medical Assistance Program unless they are *taken by* a facility authorized under the act.

Accordingly, the order of the Commonwealth Court is reversed.

FLAHERTY, J., joins and files a separate concurring opinion in which HUTCHINSON, J., joins.

LARSEN, J., files a dissenting opinion.

NIX, J., did not participate in the consideration or decision of this matter.

FLAHERTY, Justice, concurring.

I join in the opinion authored by Mr. Justice McDermott, but write separately to emphasize that benefits to cover charges for X-rays ordered by chiropractors are being denied only when those X-rays are taken at unauthorized facilities.

HUTCHINSON, J., joins.

6. Act of July 9, 1976, P.L. 993, No. 202 § 8, repealed in part by Act of June 20, 1978, P.L. 477, No. 70 § 13(b), creating the Department of Aging. [71 P.S. § 581–1 *et seq.*]

LARSEN, Justice, dissenting.

The opinion of the majority will result in the denial of appropriate chiropractic care to the appellees, despite this state's legislatively enacted policy to provide necessary chiropractic care to those individuals who qualify for medical assistance. Accordingly, I dissent.

In this case, after the adoption of DPW's regulation, both appellees were referred to Reading Hospital for chiropractic X-rays. The hospital was not able to provide either the required X-rays or a chiropractic analysis of those X-rays. As a result, appellees have been unable to receive optimal chiropractic care because they simply cannot obtain the necessary X-rays. This result, and the majority's opinion upholding it, clearly contravene the policies of both the Public Welfare Code and Title XIX of the Social Security Act.

The Public Welfare Code provides that:

Payments on behalf of eligible persons shall be made for other services as follows:

. . . .

(2) Rates established by the department for (i) other laboratory and *X-ray services prescribed by a physician, chiropractor* or podiatrist *and furnished by a facility* other than a hospital *which is qualified to participate under Title XIX of the Federal Social Security Act,* (ii) physician's services consisting of *professional care by a* physician, *chiropractor* or podiatrist *in his office,* the patient's home, a hospital, a nursing home or elsewhere, ...

62 P.S. § 443.3 (emphasis added).

I would hold that appellee's X-rays are covered within the broad category of "professional care" which chiropractors may provide in their offices and for which they may receive reimbursement under 62 P.S. § 443.3(2)(ii).[1] Further, I

1. In Pennsylvania, "chiropractic" includes "chiropractic diagnosis; ... the furnishing of necessary patient care for the restoration and maintenance of health and the use of scientific instruments of analysis, as taught in the approved schools and colleges of chiropractic ...." 63 P.S. § 602(b). The "scientific instruments of analysis"

would hold that a chiropractor's office is precisely that type of "facility" which may be qualified to participate under Title XIX of the Social Security Act and in which a chiropractor may provide X-ray services for his patients, as provided in 62 P.S. § 443.3(2)(i).

This interpretation of the state Public Welfare Code is supported by pertinent provisions of Title XIX of the Social Security Act. That act provides that

(a) The term "medical assistance" means payment of part or all of, the cost of the following care and services ... for individuals, ... but whose income and resources are insufficient to meet all of such cost—

. . . .

(3) other laboratory and *X-ray services;*

. . . .

(6) medical care, or *any other type of remedial care recognized under State law,* furnished by licensed practitioners within the scope of their practice as defined by State law;

. . . .

(13) *other diagnostic,* screening, preventive, and rehabilitative *services;*

. . . .

(g) *If the State plan includes provision of chiropractors' services, such services include only—*

(1) *services provided by a chiropractor (A) who is licensed as such by the State and (B) who meets uniform minimum standards promulgated by the Secretary* . . . ; and

which chiropractors are licensed to use in furnishing patient care clearly include X-ray equipment and X-rays. In fact, chiropractic colleges in Pennsylvania must offer as part of their standard course of instruction a class in X-rays. 63 P.S. § 604. In addition, before becoming licensed as a chiropractor, an individual must pass an examination which includes questions on the subject of X-rays. 63 P.S. § 610(a).

(2) services which consist of treatment by means of manual manipulation of the spine which the chiropractor is legally authorized to perform by the State.

42 U.S.C.A. § 1396d (emphasis added).

It is clear that chiropractors in Pennsylvania are licensed and, to some extent, expected to use X-rays in the provision of appropriate care for their patients; certainly, their services are not limited to manual manipulations of the spine. Unlike the majority, I am of the opinion that this breadth of services, contemplated by 42 U.S.C.A. § 1396d(g)(1), specifically allows for the reimbursement of costs for chiropractic X-rays.

Accordingly, I would affirm the order of the Commonwealth Court.