Department of Public Welfare, Appellee, *v.* Janet Ivy, Appellant.

Argued March 7, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Charles M. Wyzanski,* for appellant.

*Harold Dunbar,* Assistant Attorney General, with him *Marx S. Leopold,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, April 16, 1975:

Beginning on January 15, 1974, appellant began receiving $282.00 each month under the Aid to Families with Dependent Children program. Sometime in February, 1974, appellant received an income tax refund of $363.96 for taxes paid in the previous year. Appellant properly informed her case worker of the refund. On March 15, 1974, the local County Assistance Office determined that the refund was income which must be considered in determining eligibility and ordered appellant's case closed.

Appellant filed a timely appeal and was granted a hearing which was held on May 6, 1974. On July 8, 1974,

the hearing examiner affirmed and ordered that appellant's case be closed for one semi-monthly payment period and then if she is otherwise eligible for assistance, to reinstate her. The amount in question is $141.00.

The issues in this case are governed by the regulations of the Department of Public Welfare promulgated under the authority of Section 403 of the Public Welfare Code, Act of June 13, 1967, P. L. 31, *as amended,* 62 P. S. §403. Appellant argues that the Department's order is contra to its own regulations; appellant also claims several constitutional violations.

Appellant first argues, and we agree, that the income tax refund is not subject to reimbursement. Regulation No. 3821.2 states that income tax refunds paid before June 15 of the year following the taxable year are not subject to reimbursement. This case, however, does not involve reimbursement. The issue here is whether or not the receipt of the refund made appellant ineligible to continue receiving assistance.

Income is defined in Regulation No. 3234.1 as "money a client receives." The tax refund thus constitutes income to the appellant. Regulation No. 3234.21, entitled "Income that Does not Affect the Grant," exempts certain kinds of income. If appellant's tax refund is not exempted, then it must be considered in determining eligibility. Regulation No. 3230.2 provides, in part:

> "With the exceptions specified hereinafter, a person is *ineligible for assistance* if he owns or acquires a sum of money or property convertible into cash, which equals or exceeds in value the sum of monthly allowances established for defined living requirement items. ... If total income results in discontinuing assistance, the case remains closed for at least one semi-monthly payment period." (Emphasis added.)

The Department determined that appellant's tax refund was not exempted under Regulation No. 3234.21 and, therefore, applied the above quoted regulation and ordered the case closed for one payment period.

We agree that the refund does not fall under any of the exempted categories of Regulation No. 3234.21. Only two of the many subsections of that regulation have any bearing on the refund. Subsection (a) exempts "occasional small amounts of money." That phrase is defined as income which is, *inter alia,* "unpredictable as to amount and time of receipt." An income tax refund does not fall within this definition.

Subsection (c) of the same regulation exempts from income all money subject to reimbursement. As discussed above, appellant's tax refund is not subject to reimbursement. We agree, therefore, that the refund was properly considered as income in determining appellant's eligibility to continue receiving assistance, and that because the amount of the refund exceeded appellant's monthly assistance allowance, she became ineligible under the quoted portion of Regulation No. 3230.2.

Appellant argues that by presuming the current availability of the refund, the Department's order "violated constitutional due process of law prohibiting such presumptions." Appellant claims that the hearing examiner presumed that the refund was available to meet appellant's current needs, and that such presumptions are constitutionally invalid. We do not find that the hearing examiner made any sort of presumption involving the availability of the refund to appellant. Appellant in fact received the refund; it was in fact available for her use; and she did in fact use it. The argument that because she spent the refund, albeit for the meritorious purpose of paying past due bills, some of which had accrued prior to the time she began receiving assistance, and that, therefore, the refund was *no longer* available to meet current needs, is without merit.

Accordingly, we enter the following

ORDER

Now, April 16, 1975, the order of the Department of Public Welfare, dated July 8, 1974, is affirmed.