Commonwealth of Pennsylvania, Department of Public Welfare *v.* Daria Gilmore, Appellant.

Argued February 5, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*David G. Petonic,* with him *David L. Beck,* for appellant.

*Harold Dunbar,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 6, 1976:

This is an appeal from an adjudication of the Commonwealth of Pennsylvania, Department of Public Welfare (Department) upholding a decision of the

Westmoreland County Board of Assistance which discontinued the appellant's public assistance benefits under the state administered Aid to Families with Dependent Children Program (AFDC). The facts are not in dispute. In March or April of 1975, the appellant, Ms. Daria Gilmore, a recipient of public assistance benefits in the amount of $210.10 per month, received a joint income tax refund check in the amount of $1,149.00 payable to both her estranged husband and herself. She informed her Department caseworker of this refund and on April 4, 1975, the appellant and her husband went to a bank and endorsed the check, which her husband then cashed. At Ms. Gilmore's request, the teller noted that the check was cashed upon a Department form previously supplied to the appellant by the caseworker. After he cashed the check, however, her husband refused to give the appellant her rightful one-half share of the proceeds, indicating instead that he would use the money to purchase a used car for her benefit in accordance with a prior understanding between them. The appellant, who contended that she never received in any form the proceeds of the income tax refund check, was refused benefits by the local board of assistance which concluded that her rightful share of the tax refund ($574.50) was available to meet her needs and, because it exceeded her monthly grant of $210.10, she was ineligible to continue receiving benefits until this amount was exhausted. Her benefits were, therefore, discontinued. After a hearing on appeal from the local decision, the Department upheld the action taken and this appeal followed.

Inasmuch as the facts are not in dispute, we have before us pure questions of law. And, as in most public assistance cases, the guiding principles are found in the regulations of the Department promulgated under the authority of Section 403 of the Public

Welfare Code, Act of June 13, 1967, P. L. 31, *as amended*, 62 P.S. §403, and in regulations of the United States Department of Health Education and Welfare promulgated under the authority of the Social Security Act of 1935, *as amended,* 42 U.S.C. §1302. The federal regulations for the times here involved required that a state plan for AFDC

"(ii) Provide that, in establishing financial eligibility and the amount of the assistance payment: . . . .

"(c) only such net income as is actually available for current use on a regular basis will be considered, and only currently available resources will be considered . . . ." 45 C.F.R. §233.20(a)(3).

The state regulations provided a definition for such resources.

*"A resource is that which a person has, can resort to, or make available for his partial or total support, or from which assistance can be recovered.* Included in this definition are non-money resources, such as commodities, shelter, or maintenance, as well as income (money resources), and personal and real property.

"Resources fall into two general classes, actual and potential. *An actual resource is that which is immediately available to meet an individual's current maintenance. It is a resource which is on hand, ready for use when it is needed.* A potential resource is one which constitutes a possible future source of support for the person in need." Pa. Manual §3230.1 (Emphasis added.)

And we have added that "the general rule is that either income or other resources . . . must be available *in fact* in order to permit the state to account for such income or resources as available to meet a recipient's needs." *Bowen v. Department of Public Welfare,* 21 Pa. Commonwealth Ct. 144, 149-150, 343 A.2d 690, 692 (1975). (Emphasis in original.)

The appellant's essential position in this appeal is that, because she did not receive the money proceeds from the refund check, neither income nor resources were available in fact to meet her needs. It appears to us, however, that her legal arguments avoid the result which sound legal reasoning would dictate.

In *Department of Public Welfare v. Ivy,* 18 Pa. Commonwealth Ct. 348, 336 A.2d 435 (1975) we held that a tax refund, where cashed and used by the AFDC recipient, was "income" to be considered in determining eligibility for assistance benefits. While there may be some merit to the appellant's technical argument that there is no "income" here because no "money" was actually received, it seems inescapably clear to us that the joint tax refund check that she did receive was at least a *resource* available in fact to meet her needs. The uncashed check by itself might not have constituted income, but the Department regulation 3236 dealing with personal property would still establish such a check as an available resource to be considered in determining eligibility for assistance benefits, for it provides:

"Personal property is all property except real estate. Personal property includes cash, stocks, bonds, mortgages, insurance, household furnishings, personal effects, etc.

"All personal property represents a resource to the individual except (1) household furnishings with personal effects used to meet a living requirement or having sentimental value to the client, (2) motor vehicles, (3) savings of school children up to $2,000 for each child, (4) up to $50 cash on hand at time of application, and (5) a retroactive assistance payment received as a result of a pre-hearing conference or a Fair Hearing decision.

"With the exception of the kinds of personal property just decribed, *any personal property which is*

*immediately convertible into cash is considered available to meet current living expenses.* When such property cannot be converted into cash immediately, or when it is in the form of a frozen asset, assistance is granted, provided that the owner takes adequate steps: to convert his property into cash, if possible, at whatever price the property brings when it is offered for sale on the open market; and to acknowledge the liability of the property for reimbursement and agree to repay the Commonwealth for assistance received during the designated period." (Emphasis added.)

We believe that the appellant's tax refund check was a resource within the concept of this regulation. The fact that she had the check properly endorsed by the joint payees and that it was cashed is proof that the check was a resource "available in fact" to meet her needs. She failed, albeit in good faith, to protect her interest in the cash value of this resource and the Department concluded that it had been incumbent upon her "to insure that she would receive one-half of those proceeds before she endorsed the check." As the appellant points out, of course, there is no regulation expressly imposing such an obligation upon her, but it would seem self-evident that a welfare recipient must be expected to make the maximum use of available resources to meet the needs of her family. Indeed, one of the principal purposes of the AFDC Program is to help parents attain the capability for maximum self-support. *Shea v. Vialpando,* 416 U.S. 251 (1974); Section 401 of the Social Security Act, 42 U.S.C. §601. Such a purpose would be frustrated were a welfare recipient not required to protect her available resources.

We believe, therefore, that the Department's adjudication was rendered in accordance with all ap-

plicable laws and regulations, and we issue the following

ORDER

AND Now, this 6th day of July, 1976, the adjudication of the Department of Welfare is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.