Karla Baker, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs, September 11, 1978, to Judges BLATT, DiSALLE and MacPHAIL, sitting as a panel of three.

*Richard Weishaupt,* for appellant.

*Linda M. Gunn,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, November 16, 1978:

Karla Baker (appellant) appeals here from a Department of Public Welfare (DPW) order discontinuing her public welfare assistance benefits because of her failure to provide requested information so that her continued eligibility might be redetermined.

The appellant's benefits were originally terminated following a fair hearing by the DPW because she had failed to prove the non-receipt of unreported income from employment as a model. The relevant DPW regulation provides, it was held, that she had to substantiate her eligibility for financial assistance and that if the evidence she submitted was unacceptable, she would be ineligible for assistance unless she gave specific consent to the DPW worker to contact collateral sources of information to obtain such further necessary evidence. DPW-PA Manual Section 3511.334. The appellant argues that there was no evidence in the record to substantiate her alleged unreported income and that the DPW's action was not in accord with its regulations which require it to help recipients to verify facts which are difficult to prove. We find this argument to be without merit, however, because we believe that the controlling regulation clearly places the burden of establishing eligibility with the recipient. The DPW here had merely requested a written statement from the appellant's modeling agents that she was not paid for her services, and she

had admitted several modeling jobs, but she had failed to verify her income or lack thereof[1] and therefore she was properly determined ineligible for assistance.

The appellant argues further that the hearing violated both her constitutional guarantee of due process and the Administrative Agency Law[2] because she was not afforded adequate notice and a reasonable opportunity to cross-examine and that the decision was not based upon substantial evidence or upon conclusive findings of fact. The record indicates, however, that the appellant was notified three times that her assistance would be discontinued because no evidence had been received in response to the DPW's request to verify her claim that she did not receive any income for her modeling employment.[3] We believe that these notices provided more than reasonable certainty of the nature of the proposed discontinuance of benefits. *See Begis v. Industrial Board,* 9 Pa. Commonwealth Ct. 558, 308 A.2d 643 (1973). She also maintains that the hearing was chaotic, that she was unrepresented by counsel and that she was only given an alternative of either making a statement or cross-examining other witnesses. But our review of the rec-

[1] She submitted a letter from Philly Talk magazine which stated that she had on a particular date received a token payment of $1.00. It did not indicate, however, whether or not other payments had been received. The appellant testified that she had been modeling since she was 14 years old and that she had never received more than $1.00. No written statement was offered to verify this statement and the hearing officer apparently found this testimony to be incredible and unacceptable.

[2] Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.1 et seq.

[3] There was also some question concerning whether or not the appellant's son was living with her. The DPW order determined, however, that the County Board of Assistance should assist her in proving her child's residence and this question, therefore, is not before us on appeal.

ord indicates that the appellant did testify at the hearing and that she was given the opportunity to cross-examine the other witnesses. In addition, our review of the record clearly indicates that the DPW hearing officer made specific findings of fact which were both relevant and supported by substantial evidence. These did not fail to specify the improprieties, and we believe that they are sufficiently specific to enable judicial review. *See D'Anjolell v. State Board of Funeral Directors,* 3 Pa. Commonwealth Ct. 64, 280 A.2d 123 (1971) and *Begis v. Industrial Board, supra.*

We, therefore, affirm the order of the Department of Public Welfare.

### ORDER

AND Now, this 16th day of November, 1978, the order of the Department of Public Welfare in the above-captioned matter is hereby affirmed.