Victoria E. Watson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Nancy Santarpio, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Esperanza Gonzalez, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 8, 1978, before Judges ROGERS, DiSALLE and CRAIG, sitting as a panel of three.

*Richard Weishaupt,* with him *Sheryl Dicker* and *Douglas G. Dye,* for appellants.

*Betty F. Perry,* Assistant Attorney General, for appellees.

OPINION BY JUDGE CRAIG, April 23, 1979:

These three cases, consolidated for hearing, present the same basic issue: In computing the net income base for the purpose of determining eligibility and assistance amounts for General Assistance recipients who have some earned income through employment, should the amount of payroll taxes withheld be deducted in full on the ground that it is not income "actually available for current use", or should the deduction of such withheld payroll taxes be treated as "expenses reasonably attributable to the earning of income" and thus be lumped with work expenses subject to a maximum deduction of $25.00?

The question involves the interpretation of two subsections of Section 432.12 of the Act of June 13, 1967, P.L. 31, as added by the Act of July 9, 1976, P.L. 993, 62 P.S. §432.12 (Act).

Subsection (a) of Section 432.12, 62 P.S. §432.12(a) reads in part:

In determining need for general assistance, the department shall take into consideration all income, *excluding* that amount equal to the *ex-*

*penses reasonably attributable to the earning of income up to twenty-five dollars* ($25.00) per month. . . . (Emphasis supplied.)

This subsection (a) goes on to require also the deduction of a standard amount of $50.00 from the "gross monthly wages" of each employed recipient, called the work incentive deduction, as to which there is no dispute.

Subsection (c) of the same section, 62 P.S. §432.12 (c) provides:

To be considered in establishing financial eligibility and the amount of the assistance payment, *income must be actually available for current use* by the applicant or recipient. . . . Income shall be considered unconditionally available if the applicant or recipient has only to claim or accept such income, including any of governmental benefits, social insurance, private pension or benefits plan. . . . (Emphasis supplied.)

The Commonwealth of Pennsylvania, Department of Public Welfare (DPW), contends that there is "an obvious inconsistency" between subsection (a) above and subsection (c). That view is based upon a conviction that withheld payroll taxes, although clearly not "available for current use", constitute "expenses reasonably attributable to the earning of income." DPW holds that conviction so strongly that it has adopted a regulation at Pa. Manual Section 183.64[1] which expressly subjects deductions made by the em-

---

[1] Formerly Pa. Manual §3232.81; there has been no substantive change.

The current version reads:

Deduct from the earned income of each GA client fourteen years of age or older, the costs not to exceed the total amount of $25.00, for the following personal and work expenses attributable to the continued earning of such income:

1. Expenses for transportation to and from employment.

ployer, such as withheld taxes, to the $25.00 ceiling clamped down upon the deduction of work expenses by subsection (a).

An accountant would be surprised at the idea of treating taxes on income as expenses attributable to the earning of the income.

If we start from the more reasonable premise that taxes paid *as a result* of receiving income do not constitute expenses attributable *to the production* of the income, then the inconsistency between subsection (a) and subsection (c) disappears; withheld taxes are deducted in full under subsection (c) and true work expenses are subject to the $25.00 deduction limitation of subsection (a).

To see how the two interpretations operate, we need only look at the computations applicable to appellant Santarpio. The monthly assistance payment is logically determined by subtracting "countable income" from "standard of need" applicable to the individual or family. Her standard of need was $164.00 per month.

Her gross income, earned in a parttime job, was originally reduced to countable income as follows:

$191.40    gross income
—50.00    work incentive deduction
_____
$141.40

---

2. Expenses of care of children or a sick or disabled adult if care cannot be provided by other family members, and if *no other sound plan can be made for their care*;

3. Deductions made by the employer over which the client *has no control* (*e.g.* social security, income withholding tax, wage tax). The deductions from income withholding tax cannot exceed the amount shown in the Internal Revenue Service Tables (3234 Appendices I and II) for the client's known dependents; and

4. Wage taxes paid directly by the governing authority.

—40.30   payroll taxes withheld
_____

$101.10
—17.20   work expenses (car fare—$25.00 maximum not reached)
_____

$ 83.90   countable income

The general assistance payment formerly, therefore, was $80.10 a month, being $164 (the standard of need) less $83.90 countable income.

However, upon implementation of the new interpretation, the computation changed as follows:

$191.40   gross income
—50.00   work incentive deduction
_____

$141.40
—25.00   (maximum allowed for both taxes and expenses)
_____

$116.40   countable income

Then, the $164 standard of need, less $116.40 countable income, produced a monthly payment of $47.60, a 40% reduction as a result of the changed interpretation.

In the case of appellant Watson, a similar result occurs. In the case of Appellant Gonzalez, deduction of the full $79.00 amount of withholding taxes as income not actually available for current use, together with the maximum expense deduction of $25.00, produced countable income of $380.80, whereas subjecting withheld taxes to the $25.00 maximum produced countable income of $459.80. Thus the family of six was deemed ineligible for assistance because the standard for such a family is $445.00. The Gonzalez family actually suffered a reduction in disposable net income as a result of earning income. Although an assistance recipient is required to work if possible, the new interpretation obviously decreases incentive to find work.

In counting income against assistance recipients, we have permitted the recognition of income available from relatives in the same household, stating that income "must be available *in fact* in order to permit the state to account for such income . . . as available to meet the recipient's needs." *Bowen v. Department of Public Welfare,* 21 Pa. Commonwealth Ct. 144, 149-50, 343 A.2d 690, 692 (1975). (Emphasis in original.) It would be inconsistent to approve the counting of withheld income which is not available in fact.

Also, if we recognize that taxes are not expenses, we will avoid another inexcusable inconsistency. We have held that income tax refunds, when received, are available income. *Department of Public Welfare v. Gilmore,* 25 Pa. Commonwealth Ct. 406, 360 A.2d 846 (1976); *Department of Public Welfare v. Ivy,* 18 Pa. Commonwealth Ct. 348, 336 A.2d 435 (1975). Obviously, if withheld taxes are counted as available income for the month in which they are held and then again counted as available income when the income is received, the recipient is being charged for the same income twice.

We believe it is appropriate to agree with the resolution of the same issue by the New York Court of Appeals, in *Harbolic v. Berger,* 43 N.Y. 2d 102, 400 N.Y.S. 2d 780 (1977), which held that income taxes are not work expenses and are not to be treated as income currently available.

Accordingly, we hold that item 3 of Pa. Manual §183.64[2] is invalid as not authorized and contrary to Section 432.12 of the Act, 62 P.S. §432.12.

The fair hearing decisions of DPW, here appealed from, are reversed and remanded for recomputation of the general assistance payments of appellants in accordance with this opinion.

---

[2] Item 3 is quoted in footnote 1, supra.

## Order

AND Now, this 23rd day of April, 1979, the orders of the Department of Public Welfare are reversed and the cases remanded for recomputation of the general assistance payments of appellants in a manner consistent with this opinion.