Ann Neal, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs March 14, 1980 to Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*David L. Hill,* for appellant.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, May 6, 1980:

Ann Neal (petitioner) appeals here from an order of the Department of Public Welfare (DPW) affirming the decision of the Philadelphia County Board of Assistance (CBA) to discontinue her general assistance grant because of her failure to provide the CBA with complete and accurate information.

In June of 1978 the CBA received a letter from the United States Social Security Administration which indicated that the petitioner had applied for social security cards under four different surnames. An investigation revealed that she had married one Joseph Wendell in 1975 and one Leon Miller in 1970 but had never reported either marriage to the CBA. In August of 1978 a CBA worker confronted the petitioner with this information, but she denied having married or having used another surname. In September of 1978 the CBA issued a PA-162-A notice informing the petitioner that her assistance would be discontinued because of her failure to report to the CBA information necessary to determine her eligibility properly. A fair hearing was held, at which the petitioner admitted that she had married Mr. Wendell, but she also testified that she was not at the time divorced from her previous husband, Anthony Neal, who had not been divorced from his previous wife. The

hearing examiner, believing that the petitioner had failed to give the CBA correct and complete information, upheld the CBA's determination that her grant should be discontinued. She then appealed here.

The petitioner's first argument, which is that the PA-162-A notice was insufficient, is patently without merit. The notice plainly indicated that the CBA intended to discontinue her assistance because she had married and now refused to provide the CBA with the information necessary to determine her present eligibility. Clearly the CBA was not, as she argues, required to be more specific in its notice.

The petitioner next argues that she did provide sufficient information to establish her continuing eligibility. Again, this contention is without merit. First, she denied being married. Then, in her request for a hearing and at the hearing, she conceded her marriage but questioned its validity. Certainly, this does not constitute sufficient information to establish eligibility, espcially in light of her obligatioon to substantiate her claim ''by documentary evidence or such other means as may serve to establish the truth of [her] statements.'' 55 Pa. Code §125.21(a). *See Baker v. Department of Public Welfare,* 38 Pa. Commonwealth Ct. 478, 393 A.2d 1064 (1978).

Finally, we must reject the petitioner's argument that the CBA should have made a redetermination with the information it had rather than discontinue her assistance. Eligibility is based on need, and income available from legally responsible relatives is considered in determining need. 55 Pa. Code §183.64. A spouse is certainly a legally responsible relative, and without the proper verification and documentation as to her marital status, the CBA had no obligation to redetermine her eligibility.

The order of the DPW will be affirmed.

## Order

And Now, this 6th day of May, 1980, the final order of the Department of Public Welfare in the above-captioned matter is hereby affirmed.