Allyson Timothy, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs February 5, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Linda M. Bernstein*, for petitioner.

*Catherine Stewart*, Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, March 24, 1981:

Allyson Timothy (appellant) appeals from a Department of Public Welfare (DPW) order discontinuing her public welfare benefits[1] because of her failure

---

[1] Prior to November 20, 1979, appellant received Aid to Families with Dependent Children benefits for herself and one minor child, in the amount of $262 each month. On November 20, 1979, DPW sent appellant a notice that these benefits would be terminated on December 6, 1979 because of her failure to report changes in her circumstances that might affect her grant. Appellant

to report a change in circumstances which may affect a recipient's grant.[2]

Our scope of review of a DPW adjudication is limited to a determination as to whether or not it was supported by substantial evidence and was in accordance with the law and whether or not the appellant's constitutional rights were violated. *Dragan v. Department of Public Welfare*, 39 Pa. Commonwealth Ct. 599, 396 A.2d 77 (1979).

In *Baker v. Department of Public Welfare*, 38 Pa. Commonwealth Ct. 478, 393 A.2d 1064 (1978), this Court held that department regulations placed the burden of establishing eligibility on the recipient; the recipient has the burden to verify income or lack thereof.[3]

Here, the appellant admittedly failed to report employment income, which was a change in circumstance, as required by DPW regulations, and, in accord with our scope of review, we are compelled to conclude that she was properly determined ineligible for assistance benefits. *Baker v. Department of Public*

---

had been employed during each quarter of 1978 at a McDonald's fast-food restaurant, and she acknowledged that she had failed to report the income earned for this work to DPW. Appellant admitted working during the summer of 1979 and stated that her employment was terminated in November 1979.

[2] 55 Pa. Code §125.24(e)(1) reads: "*Responsibility for reporting changes.* The responsibility of the applicant for reporting changes shall be as follows: (1) Each applicant for or recipient of assistance shall be responsible for reporting accurately, within one week, any changes affecting his situation."

[3] The following statement appears on all assistance checks:

By endorsing this check I certify that I have notified my county board of assistance of all changes in the facts as stated in my application for assistance and that neither I nor any member of my family has any earning from employment or other resources which would affect the eligibility of myself or my family which I have not reported to said board.

*Welfare, supra; see Neal v. Department of Public Welfare*, 51 Pa. Commonwealth Ct. 178, 413 A.2d 1195 (1980).[4]

We therefore make the following

ORDER

AND Now, this 24th day of March, 1981, the order of the Department of Public Welfare, denying the appeal of Allyson Timothy from the decision of the Philadelphia County Board of Assistance, terminating public welfare benefits granted to Allyson Timothy, is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON.

---

[4] Appellant contends that, because she is no longer working, she has no earned income available to meet current needs and therefore benefits should not be terminated. A similar argument was held to be without merit in *Department of Public Welfare v. Ivy*, 18 Pa. Commonwealth Ct. 348, 336 A.2d 435 (1975).