Mary E. Rowe, Petitioner *v.* Walter Cohen, Secretary of the Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued January 29, 1985, before Judges Doyle and Barry, and Senior Judge Kalish, sitting as a panel of three.

*Samuel W. Milkes,* for petitioner.

*Jean E. Graybill,* Assistant Counsel, with her, *John Kane,* Chief Counsel, for respondent.

Opinion by Judge Doyle, March 25, 1985:

This is an appeal by Mary E. Rowe from an order of the Department of Public Welfare (DPW) affirming the decision of the Cumberland County Assistance Board which denied her request for a one-time grant of $285.29 to reimburse her for automobile repairs. The vehicle in question was necessary so as to allow Ms. Rowe to travel to and from job training classes.

The DPW decision was based on the rationale that, since Ms. Rowe had already received a non-recurring one-time grant of $200 towards the purchase of an automobile in April 1982, she was precluded by regulation from receiving a second one-time grant for repairs to that automobile. DPW interprets the regulation dealing with such grants, 55 Pa. Code §175.23 (c)(2), to restrict recipients to only *one* special grant for the purpose of acquiring or maintaining an automobile. This regulation, in pertinent part, reads as follows:

(c) *Grants to decrease need for assistance.* Grants to decrease need for assistance will conform with the following:

. . . .

(2) *Nonrecurring one-time grant.* A nonrecurring one-time grant may be authorized for an allowance to meet the actual minimum cost, subject to the specified maximum allowances, for any of the following items provided an individual shows that these items are needed in order to apply for or to accept employment or training which will result in decreasing or preventing his need for assistance. . . . The eligible items are as follows:

. . . .

(iv) Only the actual cost of repairs on the automobile of the client, not applying to WIN, the actual cost of an automobile, a down payment on automobile, subject to a maximum of $200 plus the cost of state inspection fee, automobile license plates, and driver's license if there is no other means of transportation to a job or training or the job requires the use of an automobile.

An administrative agency's interpretation of its own regulation is entitled to controlling weight unless

that interpretation is plainly erroneous or is inconsistent with the regulation or statute. *Wiley House v. Scanlon,* 502 Pa. 228, 465 A.2d 995 (1983). DPW's interpretation of the regulation is clearly consistent with the plain language of the regulation. The grant of $200, which Ms. Rowe received in April 1982, clearly precludes a second grant for automotive purposes. To hold otherwise would be to ignore the regulation's description of the grant as "nonrecurring" and "one-time." As DPW points out, recipients who qualify are reimbursed $.12 per mile for travel to and from job training. *See* 55 Pa. Code §175.23(c)(3).

Ms. Rowe also argues that 55 Pa. Code §175.23(c)(2) as interpreted by DPW, is inconsistent with federal law and is, to the extent special grants are limited to a nonrecurring one-time basis, therefore, invalid. Specifically, she contends that the DPW regulation offends Section 401 of the Social Security Act, 42 U.S.C. 601 (1982). We disagree.

Our review of DPW regulations is limited to a determination of whether or not they are reasonable. *Kratzer v. Department of Public Welfare,* 85 Pa. Commonwealth Ct. 318, 481 A.2d 1380 (1984). 42 U.S.C. §601 provides that one of the purposes of the Aid to Families with Dependent Children (AFDC) program is to encourage the care of dependent children in their own homes by, *inter alia,* helping the parents of such children attain or retain the capability for maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection. *See also Shea v. Vialpando,* 416 U.S. 251 (1974); *Department of Public Welfare v. Gilmore,* 25 Pa. Commonwealth Ct. 406, 360 A.2d 846 (1976). We are convinced, however, that federal law does not require DPW to subsidize every expense of a recipient undergoing job training or attempting to retain a job. The federal courts have recognized a legitimate state

interest in allocating scarce social welfare resources to those most in need and to encourage those best able to adjust and become self-supporting and independent. *Price v. Cohen,* 715 F.2d 87, 94 (3d. Cir. 1983), *cert. denied,* 465 U.S. 1032 (1984). By limiting special grants to a non-recurring one-time basis, DPW is attempting to assist the maximum number recipients given the limited resources at its disposal. We hold that the regulation and DPW's interpretation of it are reasonable and consistent with the purposes of the AFDC program as outlined in 42 U.S.C. §601.

For the foregoing reasons, we affirm DPW's order denying Ms. Rowe a second one-time grant for automotive purposes.

### ORDER

Now, March 25, 1985, the decision and order of the Department of Public Welfare, No. 24702, dated November 17, 1983, is hereby affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.