Anna Henderson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs December 9, 1985, to Judges ROGERS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Ruben Honik,* with him, *Allen L. Rothenberg,* for petitioner.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 22, 1986:

This is the appeal of Anna Henderson (petitioner) from an order of the Department of Public Welfare (DPW) upholding the action of her County Assistance Office (CAO) discontinuing her assistance under the Aid to Families with Dependent Children program (AFDC).

The petitioner received benefits under AFDC for herself, her three daughters and two grandchildren

beginning March 18, 1969. The CAO received information that the petitioner had brought an action at law against a medical provider or providers of services to one of the children. As a consequence, the CAO notified the petitioner that it would discontinue her benefits by reason of her refusal to sign the acknowledgment of liability form, Form PA 176-K. The execution of this form would evidence the petitioner's promise to repay the assistance received and her confession of judgment for the same.

The petitioner appealed and by a final determination DPW has affirmed the CAO's action.

A hearing was held where the only witness was the income maintenance worker of the CAO. The hearing examiner found that the Bureau of Claim Settlement, Medical Recovery Unit, of DPW advised the CAO that the petitioner had a pending claim involving her minor daughter. The hearing examiner sustained the appeal on the ground that the CAO had failed to establish the existence of a resource from which the DPW might legally seek reimbursement. On appeal, the Acting Director of the Office of Hearings and Appeals (director), the deputy secretary of DPW affirming, reversed the hearing examiner's order on the ground that the existence of a claim from which reimbursement of assistance might be obtained is evidenced by a writing she had appended to her request for hearing. This writing was as follows:

I do not think the state should be entitled to both a medical and cash reimbursement from Christianna because this is not a [sic] injuries case but a malpractic [sic] suit, and my child has suffes [sic] enought [sic] because of it and for her to get nothing isn't fair. I think the state is entitled to get what they paid the Hospital the suits against. So that [sic] why I would like to have a Hearing [sic].

Our scope of review is limited to determining as to whether the DPW's adjudication is supported by substantial evidence and conformance to the law and to constitutional principles. *Timothy v. Department of Public Welfare,* 58 Pa. Commonwealth Ct. 75, 427 A.2d 302 (1981).

The petitioner argues that the director reversed the hearing examiner's findings of fact contrary to DPW regulations at 55 Pa. Code §275.44(n)(4)(i) which states in part "the Director . . . will affirm, amend, reverse, or remand a Hearing Examiner's decisions. Reversal by the Director will be confined to matters of law and established departmental policy; no findings of fact made by the Hearing Examiner will be subject to reversal."

DPW regulation at 55 Pa. Code §177.23(a)(6) provides that an assistance claimant who has a potential resource is required to convert it into an actual resource or provide documentation that he is in the process of doing so; and acknowledge liability for reimbursement of assistance during the conversion period in order to receive continued assistance. 55 Pa. Code §177.22 defines a resource as "real or personal property which a person has or can make available for partial or total support." This section goes on to define a "potential resource" as "one which constitutes a possible future source of support for the person in need." A claim is not a potential resource. If, however, a suit is instituted, that suit is a potential resource.

Here, the hearing examiner found only that the CAO was notified that a claim was pending. In discussion, the hearing examiner stated "what is of more interest to [me] is the presence or absence of a resource, and how or why that resource is liable for reimbursement. . . . None of the testimony established

to [my] satisfaction what the resource actually was, or if it even existed.''

As noted, the director reversed the order on the basis of the petitioner's writing, which we have reproduced, interpreting it as her admission that suit had in fact been brought. We disagree with the director's reading of the petitioner's message which seems to us to be limited to a plea that should a claim be made on behalf of her daughter she should have the fruits of that claim.

If a suit is pending, we have a second question, who must sign the acknowledgment of liability form. If the petitioner is a plaintiff in her own right, the potential resource is hers and she must execute the acknowledgment of liability. If, however, the petitioner sues as guardian ad litem for her daughter, she will not be required to do so. 55 Pa. Code §257.24 (a) (3).[1]

The DPW admits in its brief that a parent has no authority to encumber a child's property under Penn-

---

[1] 55 Pa. Code 257.24(a)(3):

Acknowledgment of liability of a minor or incompetent adult. Only a guardian authorized by the court which appointed him, or other representative authorized by the court which designated him, may sign an acknowledgment of liability of an adult declared to be incompetent by a court. The guardian or representative will initiate the court action necessary and assistance will be granted in such cases until the guardian or representative can obtain authority to sign. Sufficient time will be allowed to complete the process. If the property owner is a minor, the regulation will be the same as in the case of an incompetent adult. If the guardian or representative refuses to sign or to request authority to sign, assistance will be granted to the minor and a memorandum referral made promptly to Claim Settlement Area. If the court refuses to give the necessary authority, or if there is no guardian or representative, assistance may be granted if the person is otherwise eligible, and the County Office will take action on reimbursement as advised by the Area Office.

sylvania law and it concedes that this record does not disclose who, if there was a suit, are the plaintiffs.

For these reasons, we reverse the final action of DPW and remand the record for a new hearing at which it may be established if indeed a suit has been begun, and if so further action consistent herewith.

## ORDER

AND Now, this 22nd day of January, 1986, the order of the Department of Public Welfare in the above-captioned matter is reversed and the record remanded for a new hearing at which it may be established if indeed a suit has been begun, and if so further action consistent herewith.