William Crager and Sherry Crager, his daughter, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 1, 1982, before Judges MENCER, BLATT and DOYLE, sitting as a panel of three.

*Lawrence M. Schall*, for petitioners.

*Catherine Stewart*, Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, April 28, 1982:

Sherry Crager (Applicant) applied to the Philadelphia County Board of Assistance (Board) for general assistance benefits (Benefits), for herself only, on July 10, 1980. At that time, Applicant was nineteen years of age. After consideration of the application, the Board determined that Applicant was an unemancipated minor,[1] and accordingly, advised the applicant of her ineligibility for Benefits. Following a hearing, it was determined that, although Applicant had acted independently of parental control, she had not established herself as a separate entity because she had never left the parental household. After all administrative relief had been exhausted, Applicant brought this appeal. For the reasons which follow, we affirm the order of the Department of Public Welfare (DPW).

DPW has been granted the authority to establish "the rules, regulations, and standards . . . both as to eligibility for assistance and as to its nature and extent. . . ." Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §432. Pursuant to this authority, the department has adopted General Assistance Age Provisions for the purpose of establishing eligibility. 55 Pa. Code §§145.61-145.64. In pertinent part, the regulation defines an *"Emancipated minor,"* who would be eligible for benefits, to include:

(i) A minor who is aged 16 or over, who has left the parental household and has established himself as a separate entity free to act upon his own responsibility, and who is capable of acting independently of any parental control. . . .

55 Pa. Code §145.62(i).

---

[1] Subsequently, Applicant's father, William Crager, applied for benefits in behalf of Applicant. This application was denied on the basis of income available for support of Applicant and is not the subject of this appeal.

For a minor to establish eligibility for Benefits, an applicant must demonstrate (1) that she has left the parental household, and (2) that she has established her independence from parental control. Unless both of these conditions are satisfied, the minor is ineligible for Benefits. There is no dispute that the Applicant was a minor at the time of her application for Benefits. The age of majority for the purpose of receiving public assistance is twenty-one (21) years. *Fink v. Department of Public Welfare,* 44 Pa. Commonwealth Ct. 210, 403 A.2d 214 (1979), *aff'd,* 491 Pa. 415, 421 A.2d 205 (1980). Therefore to establish eligibility for general assistance, Applicant had to demonstrate that her status was that of an "emancipated minor," and yet the record is clear that Applicant had never left the parental household. Failing to satisfy this condition, the hearing examiner properly determined that Applicant was unemancipated, and thereby ineligible for Benefits.

Applicant suggests that the definition of *"Unemancipated minor,"*[2] which appears at 55 Pa. Code §145.62, creates an "internal inconsistency" within the definition used to determine eligibility for benefits as an emancipated minor.[3] This contention is incorrect. The term "unemancipated minor" has independent significance as an operative term used in relation to the separate criteria set forth in 55 Pa. Code §145.63(b). Applicant contends that minors who are independent from parental control, but who have not left the parental household, are not covered

---

[2] *"Unemancipated minor*—A minor who has never been married or has the marriage annulled, but who remains under the control of the parents is unemancipated whether he lives in the parental household or not." 55 Pa. Code §145.62.

[3] Cases that Applicant cites as authority for this proposition address the issue of emancipation in relation to Aid to Families with Dependent Children. The issue before us is limited to the relation between emancipation and general assistance.

by the definition of either emancipated or unemancipated minor. The test for determining emancipation, however, as set forth above, is clear. The definition of unemancipated minor is not intended to abrogate the two conditions necessary for emancipation. Rather, the definition of unemancipated minor merely clarifies that absence from the parental household is insufficient to establish emancipation without independence from parental control.

Accordingly, we enter the following

ORDER

Now, April 28, 1982, the Final Order of the Secretary of the Department of Public Welfare, issued November 19, 1980, is affirmed.

This decision was reached prior to the resignation of Judge MENCER.