537 A.2d 397

Lisa Frankenfield, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 14, 1987, before Judges MAC-PHAIL, DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*David L. Hill,* for petitioner.

*Cynthia B. White,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, February 19, 1988:

Lisa Frankenfield (Petitioner) appeals a final order of the Department of Public Welfare (DPW) which denied Petitioner's request for reconsideration of an order of the Office of Hearings and Appeals adopting a hearing officer's recommendation to deny Petitioner's appeal of a determination of the Philadelphia County Assistance Office (CAO). We will affirm.

On August 4, 1986, at the age of seventeen years, Petitioner applied for cash and medical assistance and food stamps on her own behalf. At the time of her application, Petitioner was pregnant but presented no verification of such. The CAO denied the application, determining that Petitioner was an unemancipated minor living with her parents, and was accordingly, ineligible for benefits considering the entire family's income. Petitioner appealed this determination to DPW.

After a hearing at which a CAO representative, Petitioner and both parents testified, the hearing officer concluded that Petitioner did not demonstrate that she acted "responsibly, maturely and independently" enough to be considered an emancipated minor and recommended that the appeal be denied. The Office of Hearings and Appeals adopted this recommendation, and DPW entered a final order denying Petitioner's re-

quest for reconsideration. Petitioner's appeal of this order is now before this Court.

We recognize that inasmuch as the decision to grant or deny a request for reconsideration is a matter of administrative discretion, we will reverse that decision only for an abuse of discretion. *Muehleisen v. State Civil Service Comm'n,* 66 Pa. Commonwealth Ct. 95, 443 A.2d 867 (1982), *aff'd,* 501 Pa. 335, 461 A.2d 615 (1983). In the matter before us, we find no such abuse of DPW's discretion.

DPW regulations provide that a minor may receive general assistance if she is emancipated and otherwise meets the eligibility requirements. 55 Pa. Code §145.-63(a). An "emancipated minor" is defined by regulation as follows:

> A minor who is aged 16 or over, who has left the parental household and has established himself as a separate entity free to act upon his own responsibility, and who is capable of acting independently of parental control. *If the minor again lives with his parents he will no longer be considered emancipated unless he remains independent of his parents' control.*

55 Pa. Code §145.62(i) (emphasis added).[1]

Petitioner argues, in the case *sub judice,* that she is independent of her parents' control because she dropped out of school at age fifteen against her parents' wishes, she dresses as she pleases (often in a way that

---

[1] We agree with Petitioner that because she left her parental home and lived with friends for approximately six weeks in May of 1986, the second sentence of the above-quoted regulation is applicable to her case. Accordingly, she must only demonstrate that she "remains independent" of parental control and not the added element of leaving the parental home required in situations where a minor has never left home. *See e.g., Crager v. Department of Public Welfare,* 66 Pa. Commonwealth Ct. 323, 443 A.2d 1379 (1982).

displeases her parents), and she spends time with male and female friends of whom her parents do not approve. Although the hearing officer applied a somewhat expansive definition of "independence,"[2] we agree with her conclusion that Petitioner's "mere defiance" did not demonstrate independence from parental control.

Petitioner had left home only on a few occasions, once for approximately six weeks and later for two days. She then returned to her parents' home where she lived with no income of her own. As Petitioner testified, she could not buy her own clothing or food and, consequently, ate with her family, "eating whatever they fix." *See* Notes of Testimony (N.T.) at 23. We believe this evidence supports the hearing officer's determination and agree that the CAO properly denied Petitioner general and medical assistance as an unemancipated minor.

Petitioner also argues that the hearing officer should have found that she was entitled to AFDC benefits because at the September 29, 1986 hearing, Petitioner presented verification of her pregnancy and at that time would have been eligible. We reject this argument.

DPW regulations governing AFDC requirements provide pertinently as follows:

> A pregnant woman with no children or with children who are not receiving AFDC may qualify for AFDC for herself only as a specified relative if all of the following apply:
>
> (1) The pregnancy and the expected delivery date are established by a physician, clinic or other medical source.
>
> (2) Delivery is expected no later than 3 months after the month of payment.

---

[2] In the "Discussion" portion of her adjudication, the hearing officer inappropriately defined emancipated minor as one who acts "responsibly, maturely and independently."

(3)   The fetus, if born, would be eligible for AFDC based on the criteria set forth in §153.43(a) (relating to requirements).

55 Pa. Code §151.43(f).

When Petitioner applied for benefits on August 4, 1986, she did not establish her pregnancy. Medical verification was not provided until the date of hearing, at which time Petitioner submitted a letter, dated September 29, 1986, stating that she was pregnant with an expected date of delivery of December 12, 1986. Original Record, Item 3. Even if Petitioner had verified the fact that she was pregnant at the time of her application, she, nevertheless, would not be eligible for AFDC under 55 Pa. Code §151.43(f) because, as of August 4, 1986, Petitioner was not within three months of her due date.

We reject Petitioner's argument that the hearing officer should have considered the evidence presented regarding Petitioner's pregnancy and granted AFDC as of September 12, 1986, the start of her third trimester.[3] The hearing officer's role at Petitioner's hearing was to review the CAO's determination with regard to Petitioner's eligibility for AFDC. *See* 55 Pa. Code §275.4. As of August 4, 1986, the date of the CAO's determination, Petitioner would not have been eligible under the applicable DPW regulation, even if she had supplied the necessary documentation. The hearing of-

---

[3] Petitioner's reliance on *Matthews v. Department of Public Welfare,* 66 Pa. Commonwealth Ct. 275, 443 A.2d 1362 (1982), is misplaced. In *Matthews,* we concluded that the hearing officer should have considered all the facts in evidence at the hearing, not just evidence before the county office. In the instant case, however, even if the medical verification of Petitioner's pregnancy had been considered by the hearing officer, Petitioner was not eligible for AFDC at the time of her application. It is for the CAO and not the hearing officer on appeal to make an eligibility determination.

ficer appropriately based her decision on a review of the same information that was before the CAO, and we are satisfied that she correctly affirmed the denial of Petitioner's application for AFDC benefits.

Finding no abuse of discretion, we, accordingly, affirm DPW's final order denying Petitioner's request for reconsideration.

### ORDER

The order of the Department of Public Welfare in the above-captioned matter is hereby affirmed.