**William K. MURPHY, Esquire, Guardian for the ESTATE OF Julia E. EBNER, Incapacitated Person, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 4, 2008.

Decided Feb. 25, 2008.

Publication Ordered May 2, 2008.

William K. Murphy, Easton, for appellant, Estate of Julia Ebner.

Lisa B. Dees, Asst. Counsel and Allen Warshaw, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge McGINLEY.

William K. Murphy, Esquire (Attorney Murphy), Guardian for the Estate of Julia E. Ebner (Mrs. Ebner), petitions for review from the final order of the Secretary of the Department of Public Welfare (Secretary) that affirmed the dismissal of Mrs. Ebner's appeal from the denial of her application for Long–Term Care Medicare Assistance (MA–LTC).

Mrs. Ebner was the second wife of Weston F. Ebner (Mr. Ebner). Mr. Ebner died on January 30, 2003, leaving a Will dated September 9, 1999. Letters testamentary were granted on February 20, 2003, to Richard Dale Ebner and Joan Kay Ebner, children of Mr. Ebner's first marriage.

The Will established a Testamentary Trust for the benefit of Mrs. Ebner. Interest from the corpus of the trust was to be paid to Mrs. Ebner on an annual basis

during her lifetime. Upon her death, the trust is to cease and be divided equally among Mr. Ebner's children.

On September 30, 2003, Attorney Murphy was appointed the Plenary Guardian of Mrs. Ebner's Estate. Mrs. Ebner was at that time adjudicated an incapacitated person and admitted to Westminster Village Nursing Home. On June 24, 2005, Attorney Murphy, as Mrs. Ebner's legal representative, submitted an application for MA–LTC benefits to the Lehigh County Assistance Office (CAO).

On July 6, 2005, the CAO contacted Attorney Murphy to schedule a face-to-face interview in order to review the MA–LTC application for accuracy, review documentation, request additional verification, and inform the applicant of her rights and responsibilities pursuant to Department of Public Welfare's (DPW) regulations, 55 Pa. Code § 125.84(d). Attorney Murphy waived Mrs. Ebner's right to a face-to-face interview. The CAO sent a "Pending Notice" to Attorney Murphy which informed him that his application was *"pending until 7/31/05"* and indicated that additional information was needed to determine Mrs. Ebner's eligibility for MA–LTC benefits. Notice to Applicant, July 6, 2005; Reproduced Record (R.R.) at 1a. The Notice specifically listed 12 items, including:

4. Proof of *gross* monthly income,

\* \* \* \*

6. Status of Met Life stock account (provide proof of date closed or proof of # of shares),

7. *Complete trust documents* and cite all investments accounts, payout schedules as previously processed. Send a good copy as I must forward to our legal department.

Notice to William K. Murphy, Esquire from Michaela Comstock, Lehigh County

Assistance Office, July 6, 2005 at 1; R.R. at 2a (Emphasis in original).

The Notice to Attorney Murphy also specifically cautioned:

Failure to provide requested statements, especially those in lieu of an interview, will result in rejection of the application. *If you are unable to convey the information as requested, you should immediately schedule an interview because statements requested are a means of clarifying aspects of the application but can be taken verbally.*

Notice to William K. Murphy, Esquire from Michaela Comstock, Lehigh County Assistance Office, July 6, 2005, at 2; R.R. at 3a (Emphasis in original).

The CAO also mailed Attorney Murphy a "Rights and Responsibilities" page that explained Mrs. Ebner's right to appeal any determination made by the CAO and advised Attorney Murphy of his responsibility to provide the requested information.[1]

On July 18, 2005, the CAO received some of the information. However, information regarding Mrs. Ebner's MetLife stock and her trust documents were not submitted.

On August 8, 2005, the CAO mailed another notice to Attorney Murphy that stated in capital letters *"EXTENDED DEADLINE—45 DAY MAXIMUM"* and informed him that the CAO would hold Mrs. Ebner's application open for an additional 30 days *"until August 16, 2005,"* in an effort to provide him another opportunity to submit the additional information. Lehigh County Assistance Office Eligibility Notice, August 8, 2005, at 1; R.R. at 5a. Specifically, the CAO listed the following information that was still needed in order for it to assess Mrs. Ebner's medical assistance eligibility:

---

1. The Rights and Responsibilities page was     not included in the Reproduced Record.

2. Status of Met Life stock account (we need proof of date closed or proof of number of shares—see enclosure as to how to gather information)

\* \* \* \*

5. Complete trust documents as referenced by will and cite all investment accounts, payout schedule as previously processed. Our legal department generally wants: All pages of trust, schedule A, the separate page for trust amount (contents), date set up (payout schedule). (The will establishes where the money came from so that portion of the criteria is met).

Notice from Michaela Comstock, Lehigh County Assistance Office, August 8, 2005, at 1; R.R. at 8a.

On August 26, 2005, Attorney Murphy informed the CAO during a telephone conversation that he had obtained the stock information. However, he never provided the requested documentation or any of the trust documentation. Consequently, on September 6, 2005, the CAO issued a PA-162A Notice which Attorney Murphy received in which *"NOT ELIGIBLE"* is marked in the columns *"Medical Assistance"* and *"Nursing Home Care"* along with a form entitled *"Your Right to Appeal and to a Fair Hearing."* The Notice stated *"Application deadline of 8/16/05 has been surpassed and not all necessary and requested verification has been provided for review. Please see attachment regarding what information was not yet provided."* Notice to Applicant, Lehigh County Assistance Office, September 6, 2005, at 1; R.R. at 9a (Emphasis added). On the back, the following notice was given:

You have the right to appeal any Departmental action or failure to act and to have a hearing if you are dissatisfied with any decision to refuse ... assistance. . . .

At the hearing you can present to the Hearing Officer the reasons why you think the decision of the County Assistance Office is incorrect and present evidence and witnesses in your own behalf. . . .

\* \* \* \*

If the decision affects your ASSISTANCE ..., you must request a hearing within 30 days of the date of this notice. If your request is not postmarked or received within the time limit, your appeal will be dismissed without a hearing.

\* \* \* \*

*If you do not understand our decision or have any questions, contact your worker.*

Notice to Applicant, Lehigh Office of Assistance, September 6, 2005 at 2; R.R. at 12a (Emphasis added).

On September 18, *2006,* Attorney Murphy filed an appeal from the September 6, 2005, Notice. The appeal was *377 days* beyond the 30–day time limit to file an appeal as established in the DPW's regulations, 55 Pa.Code § 275.3(b)(1).[2]

On October 3, 2006, the Bureau of Hearings and Appeals (BHA) issued a Rule to Show Cause that requested Attorney Murphy to explain why the appeal should not be dismissed as untimely. Rule to Show Cause, October 3, 2006, at 1; R.R. at 13a. Attorney Murphy responded and explained that his failure to appeal was due to the Ebner family's failure to provide him with the necessary information. He advised that he recently filed a petition with the Northampton County Orphan's Court to compel Mrs. Ebner's stepchildren to disclose the necessary information concerning

---

**2.** It is unclear from the record what prompted this appeal.

Mrs. Ebner's trust.[3] He was "hopeful [that he would] be able to obtain the information requested by the Department of Public Welfare in order to fulfill the requirements and completed (sic) the application and review process for Julia Ebner." Letter from William K. Murphy to Department of Public Welfare, Bureau of Hearings and Appeals, October 10, 2006, at 2–3; R.R. at 15a–16a.

On November 17, 2006, the BHA Administrative Law Judge (ALJ) rejected Attorney Murphy's explanation for failing to file a timely appeal within the required 30–day time period and dismissed the appeal as untimely.

On December 15, 2006, the Secretary granted reconsideration. On June 18, 2007, the Secretary issued a final order that upheld the decision of the BHA. Mrs. Ebner died during the pendency of this matter on March 23, 2007.

On appeal,[4] Attorney Murphy asserts that Mrs. Ebner was denied due process because the September 6, 2005, Notice did not adequately inform him that the application was denied, and she was not afforded a hearing in accordance with 55 Pa. Code § 275.1(2).

According to Attorney Murphy, the September 6, 2005, Notice did not inform him that the application was denied. He claims the Notice was "confusing and easily mistaken for an interim request for additional information or an extension of time" and "lacked the necessary notice to provide the recipient with information concerning the termination of her fundamental rights." Brief at 17. Because he did

not *know* from the Notice the application was *denied,* he did not appeal.

This Court does not accept this as a reasonable interpretation of the September 6, 2005, Notice. All prior notices gave a definitive time limit to provide the information. Specifically, the September 6, 2005, gave no additional time and stated, under no uncertain terms, that Mrs. Ebner was *"Not Eligible"* and that the deadline had been "surpassed." It is clear that Attorney Murphy, on behalf of Mrs. Ebner, had to substantiate her eligibility and that if the evidence submitted was unacceptable, she would be declared ineligible for assistance. If Attorney Murphy was confused by the notice, he was duty-bound, as appointed guardian of Mrs. Ebner's estate, to contact the CAO worker for clarification or file an appeal, but not to disregard the notice altogether for over a year.

The DPW regulations provide that the verification of resources, or the lack of them, is an essential step in the process of establishing eligibility for public assistance. 55 Pa.Code § 205.2(a)(1). The supplying of information about resources to prove need is "the responsibility of the person applying for or receiving the assistance." 55 Pa.Code § 205.2(a)(1). Further, the Public Assistance Manual provisions relating to the medical assistance application process provides that the application process "will end, and the application disposed of" when the applicant "fails to complete the application." 55 Pa.Code § 125.84.

Here, Attorney Murphy failed to complete the application process when the requested information to the CAO was not

---

**3.** This Court notes that petition was filed in the Orphan's Court *over one year* after the September 6, 2005, Denial Notice.

**4.** This Court's scope of review is limited to determining whether constitutional rights

were violated, whether the adjudication is in accordance with law and whether the necessary findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

supplied. His belief that the application would remain pending indefinitely is not an acceptable excuse. The very objective of the medical assistance application process was to determine the applicant's eligibility "without delay." 55 Pa.Code § 125.24(7)(v). Attorney Murphy's lengthy explanation for his inability to obtain the requested information from Mrs. Ebner's stepchildren comes too late on appeal. This explanation was available and could have been provided to CAO when the material was requested. The record reveals that the first time Attorney Murphy informed the CAO of his difficulty obtaining the information was in his September 14, 2006, Notice of Appeal of Denial of Medical Assistant (sic) Benefits, which was over a year after the September 6, 2005, denial notice.

This Court discerns no error in the Secretary's decision to uphold the dismissal of Attorney Murphy's appeal as untimely.[5]

The order of the Secretary is affirmed.

Judge SIMPSON did not participate in the decision in this case.

### ORDER

AND NOW, this 25th day of February, 2008, the Order of the Secretary of the Department of Public Welfare in the above-captioned matter is affirmed.

---

**5.** Attorney Murphy's contention that the Notice failed to provide Mrs. Ebner of her right to a hearing is without merit. As previously pointed out, the Notice specifically states

---

"You have the right to appeal any Departmental action or failure to act **and to have a hearing** if you are dissatisfied with any decision to refuse … assistance…."