# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Burda, : 
                Petitioner : 
                 : 
        v. :   No. 162 C.D. 2018
                 :   Submitted: April 5, 2019
Department of Human Services, : 
                Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge[1]
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**         **FILED:**   **December 17, 2019**

       After repeated appeals and prior adjudications in this prolonged human services case, Steven Burda (Applicant), representing himself, petitions for review of a final order of the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA). Therein, the BHA affirmed an Administrative Law Judge's (ALJ) order denying his appeals from two Montgomery County Assistance Office (CAO) decisions. Specifically, Applicant appealed the CAO notices discontinuing both Supplemental Nutrition Assistance Program (SNAP) benefits[2] for Applicant and his family,[3] and Medical Assistance (MA) benefits for Applicant, his wife, A.B. (Wife), and his daughter, C.B. (Daughter), when their household income exceeded eligibility limits. Discerning no error below, we affirm.

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

[2] SNAP benefits were formerly known as "Food Stamps." 7 U.S.C. §§2011-2036c.

[3] Applicant's five-person household includes infant twins, I.B. and Z.B., who continue to receive Medical Assistance (MA) benefits. The twins' benefits are not at issue in this appeal.

# I. Background

Applicant, Wife, Daughter, and infant twins, (collectively, Family) comprising a five-person household, are recipients of SNAP benefits. Applicant, Wife, and Daughter are recipients of MA benefits, specifically, Modified Adjusted Gross Income (MAGI) MA benefits. Based on their household income as shown by automated sources,[4] the CAO discontinued Family's SNAP benefits, and Applicant's, Wife's, and Daughter's MA benefits in <u>October 2015</u>. At a telephonic hearing, the parties entered a stipulation of settlement in which Applicant agreed to submit copies of Wife's November 2015 pay stubs and verification that his unemployment compensation (UC) benefits ended. The Department agreed that it would re-determine SNAP and MA eligibility for Applicant's household based on his submissions and issue a <u>new</u> notice, from which Applicant could appeal.

Upon receipt of the requested documents, the CAO issued a new notice in December 2015, indicating Family no longer qualified for SNAP benefits because its household income exceeded eligibility limits (SNAP Notice). In January 2016, the CAO issued a notice advising that Applicant, Wife, and Daughter no longer qualified for MA benefits for the same reason, <u>i.e.</u>, household income exceeded program eligibility limits (MA Notice). The discontinuance of these benefits in the SNAP Notice and MA Notice (collectively, Notices), which Applicant timely appealed, remains at issue to date.[5]

---

[4] Automated sources include, among others, state agencies' income and eligibility verification systems, which can be used to verify wage and benefit information, such as the receipt of UC benefits. 7 C.F.R. §§272.8, 273.2(f)(4)(iv).

[5] The CAO continued SNAP benefits for Applicant's household, and continued MA benefits for Applicant, Wife, and Daughter during the pendency of these long-standing appeals.

The CAO used Family's <u>December 2015</u> income to calculate SNAP eligibility and Family's <u>January 2016</u> income to calculate MA eligibility. See <u>Debkowski v. Dep't of Pub. Welfare</u>, 291 A.2d 821 (Pa. Cmwlth. 1972) (benefit eligibility is calculated using applicant's income for the month concerned).

## A. First Adjudication

The ALJ held a second telephonic hearing as to Applicant's appeal of the Notices in March 2016. Applicant testified, through a Russian interpreter, on Family's behalf. He claimed he did not receive the Department's exhibits and that the CAO failed to consider many of his expenses in calculating Family's benefits. The ALJ kept the record open, extending the deadline to March 31, 2016, for Applicant to submit the following evidence: medical expenses; housing bills; other expenses; support obligations; Wife's income from January 1 to present (<u>i.e.</u>, March 2016); and a response to the Department's exhibits.

Applicant submitted some, but not all, of the documentation requested by the ALJ. Based on the submissions and the hearing, the ALJ denied the appeals in April 2016, determining Family's income exceeded both the SNAP and MA programs' eligibility limits. In this first adjudication, the ALJ also determined Family's income was too high for the Medically Needy Only (MNO) MA category. Thus, the ALJ affirmed the CAO's decisions to discontinue Family's SNAP benefits and found Applicant, Wife and Daughter ineligible for MAGI-MA benefits. Applicant appealed to the BHA, which also affirmed. He then sought reconsideration of the BHA's order from the Secretary, which the Secretary denied.

Applicant then appealed to this Court. See Burda v. Dep't of Human Servs. (Pa. Cmwlth., No. 917 C.D. 2016). Acknowledging Applicant stated he did not receive the Department's exhibits, and so he could not use them at the hearing, the Department requested a remand. This Court granted the Department's request, remanding for the purposes of holding a new hearing and issuing a new adjudication.

**B. Remand Proceedings & Second Adjudication**

On remand, the same ALJ held a third telephonic hearing in July 2017. Applicant again testified with the help of a Russian interpreter. An income maintenance supervisor and caseworker testified on the Department's behalf. Applicant claimed again that he did not receive the Department's exhibits, which were the same as those submitted at the prior hearing. He expressed concern with the calculation of both the SNAP and MA benefits and stated Wife's income was calculated incorrectly. He asserted the regulations were misapplied in that a number of his expenses, including those related to medical care, moving, remodeling, daycare, and child support, were not taken into consideration. Applicant further claimed he sent records supporting his expenses, as the ALJ permitted, including verifications of medical expenses, Wife's income, and other expenses, which were not considered.[6] See Suppl. Certified Record, Notes of Testimony (N.T.), 7/24/17, at 14, 21, 23-31. He emphasized all expenses should be counted in the calculations.

An income maintenance supervisor testified Family's SNAP benefits were discontinued (SNAP Notice) in December 2015 based on the monthly income

---

[6] Upon Applicant's request, the ALJ directed the Department's witnesses to explain the Department's reasons for discontinuing Family's SNAP benefits and Applicant's, Wife's, and Daughter's MA benefits. See Suppl. Certified Record, Notes of Testimony (N.T.), 7/24/17, at 35-39.

of Wife, who had gross earnings as follows: $3,834 (November 2015); $7,222, including a $2,000 bonus (December 2015); and $3,840 (January 2016).[7] Additionally, Applicant's UC benefits of $2,284 in January 2016 counted as income. However, Wife's income alone exceeded the SNAP eligibility threshold, which was 160% of the federal poverty level limit. Id. at 37, 39-41.

An income maintenance caseworker testified Applicant's, Wife's, and Daughter's MA benefits were discontinued (MA Notice) because Family's combined household income, even with applied deductions totaling $534 ($34 for health savings accounts and $500 for alimony), exceeded the MAGI-MA 133% federal poverty level limit. Family was also ineligible under the MNO-MA category. See N.T., 7/24/17, at 53-59.

Based on Applicant's testimony at the July 2017 remand hearing, the ALJ directed Applicant to submit the following records as evidence, pre-designated as exhibits A-1 through A-8: (A-1) response to the Department's exhibits; (A-2) moving expenses; (A-3) unpaid medical bills; (A-4) amount of support and alimony in 2015-2016; (A-5) childcare costs in 2015-2016; (A-6) remodeling expenses; (A-7) credit card expenses; and (A-8) health savings account deductions in 2015-2016. The ALJ indicated that evidence from the prior hearings in 2016 would not be considered unless resubmitted.

---

[7] Where a recipient's income was recurring, but not uniform from month to month, a caseworker was justified to calculate benefit eligibility in terms of the actual amount received *or* to calculate an estimated monthly figure based on available information. Dep't of Pub. Welfare v. Lesser, 354 A.2d 17, 18 (Pa. Cmwlth. 1976) (noting "of necessity, the payments forthcoming in any month are estimated from income and deductions for the previous month").

Although Applicant requested and received an extension until September 29, 2017, he did not submit records corresponding to the pre-designated exhibits A-1 through A-8 by the extended deadline. Thus, the record closed, again, without receipt of the pertinent evidence. The ALJ denied Applicant's post-remand appeals in October 2017, on the same grounds as in the first adjudication, i.e., income in excess of the programs' eligibility limits. Applicant appealed the second adjudication, and the BHA again affirmed.

### C. Secretary's Remand & Third Adjudication

Applicant sought reconsideration of the BHA's order, which the Secretary granted, remanding the appeals to the BHA. The Secretary directed the BHA to reopen the record on remand for the purpose of giving Applicant another opportunity to submit the pre-designated exhibits by December 7, 2017, to hold a new hearing if necessary, and to issue a new adjudication based on the remand proceedings. On remand, the BHA notified Applicant that no new hearing would be held,[8] and it reiterated the requirements for submitting evidence corresponding to pre-designated exhibits A-1 through A-8. According to the ALJ, Applicant submitted extensive documentation on December 7, 2017; however, the ALJ did not receive this documentation for several weeks following the deadline. Despite receiving the documentation late, the ALJ nevertheless considered all of Applicant's submissions. Thereafter, the ALJ closed the record.[9]

---

[8] Based on our careful review, this notice does not appear in the certified record.

[9] Around the same time, the Department received notice that Applicant sought review of the BHA's order affirming the second adjudication in this Court. See Burda v. Dep't of Human Servs. (Pa. Cmwlth., No. 1675 C.D. 2017). However, this Court dismissed Applicant's appeal, thus releasing the matter to the BHA's jurisdiction.

Ultimately, in January 2018, the ALJ denied Applicant's appeals for the adjudication now before us on appeal (Third Adjudication). At the outset, the ALJ noted the deficiencies in Applicant's submissions, such as documents that were illegible, irrelevant, or lacked the required verifications. She explained the documents he submitted were not offered or were not pre-designated as exhibits at the hearing.

First, the ALJ calculated Family's eligibility for SNAP benefits. She observed that Wife's income of $3,840 in January 2016, when added to Applicant's UC benefits of $2,284 that month, yielded a gross household income of **$6,124**. Where a household does not contain an elderly or disabled individual, the 160% federal poverty income limit for determining categorical eligibility applies. See Chapter 568 of the Department's SNAP Handbook (SNAP Handbook),[10] App. A (Income Limits); see also 7 C.F.R. §273.9 ("[h]ouseholds which do not contain an elderly or disabled member shall meet both the net income eligibility standards and the gross income eligibility standards for SNAP").[11] For a five-person household, the 160% *net income* limit was **$3,789** beginning October 1, 2015. See Chapter 568 of the SNAP Handbook. The ALJ also explained households that cannot establish categorical eligibility for SNAP using the 160% net income limit must pass the 130% *gross income* test. For a five-person household, the 130% gross income limit was $3,078 when the CAO issued the SNAP Notice. Id.

---

[10] The SNAP Handbook can be found at the following web address: http://services.dpw.state.pa.us/oimpolicymanuals/snap/SNAP_Handbook.htm (last visited Sept. 24, 2019).

[11] Gross income is defined as a household's total, non-excluded income before any deductions. Net income is defined as gross income minus allowable deductions. The United States Department of Agriculture, Food and Nutrition Service's definitions for gross and net income can be found at: https://www.fns.usda.gov/snap/recipient/eligibility (last visited Sept. 24, 2019).

Because Wife's *gross income* of $3,840 in January 2016 exceeded the SNAP income limit by $800, as did her $7,222 income in December 2015, Family was ineligible for deductible expenses. Further, taking into account Applicant's UC benefits, Family's income for January 2016 exceeded the *net income* limit by $2,300, and the *gross income* limit by more than $3,000. Additionally, Family was not eligible for any deductions.[12]

Next, the ALJ calculated Applicant's, Wife's, and Daughter's eligibility for MAGI-MA benefits. For a five-person household, the MAGI-MA income limit was $3,149 per month, or 133% of the federal poverty income limit, beginning on January 22, 2015, and ending on January 25, 2016, when the income limit increased to $3,153. See 42 C.F.R. §435.911(b)(1); Section 312 of the Department's MA Eligibility Handbook (MA Handbook).[13] However, the ALJ noted the 5% disregard was only available to applicants who qualified for benefits after its application. ALJ Adj., 2/2/2018, at 36. The program permits a 5% disregard to afford benefits to households within 5% of the income limits. Here, as it would not impact Applicant's, Wife's, or Daughter's eligibility for MA benefits, the ALJ did not apply the 5% disregard.

---

[12] The ALJ correctly applied the income eligibility limits for the month SNAP benefits were discontinued (December 2015). However, she considered Family's income in both December 2015 and January 2016. This is consistent with Section 568.2 of the SNAP Handbook which requires a calculation of benefit eligibility to consider the applicant's income "*for the month of application and the following month*." Chapter 568.2 of the Department's SNAP Handbook (SNAP Handbook) (emphasis in original).

[13] The MA Handbook can be found at the following web address: http://services.dpw.state.pa.us/oimpolicymanuals/ma/index.htm (last visited Sept. 24, 2019).

The ALJ determined that Family's income for January 2016, comprised of Applicant's $2,284 in UC benefits and Wife's gross earnings of $3,840, minus the permissible deductions ($500 for alimony and $34 for health savings accounts), totaled **$5,590**. This exceeded the monthly MAGI-MA income limit of $3,153 by more than $2,000. Additionally, the ALJ explained that even when applying the 157% MAGI-MA income limit for children ages one through five in Daughter's case ($3,721 in 2016), Family's countable household income in January 2016 exceeded that limit by more than $1,800. See Section 312.13 of the MA Handbook (Children Ages 1-5); 42 C.F.R. §435.119. As a result, Daughter was disqualified from receiving MA benefits.[14]

Based on the above calculations, the ALJ concluded Family's income exceeded the eligibility limits under both SNAP and the MA benefit programs. Further, Family was not eligible for any additional deductions based on Applicant's submissions. As such, the ALJ denied Applicant's appeals. Applicant appealed the Third Adjudication to the BHA, which affirmed. Applicant now petitions this Court for review of the BHA's final order.[15]

---

[14] In addition, the ALJ determined that Applicant's monthly income before deductions, when combined with Wife's, also exceeded the semi-annual MNO-MA limit of $4,050 for a five-person household by over $2,000, and exceeded the monthly MNO-MA income limit of $675 by approximately $5,000. As a result, the ALJ found Applicant, Wife, and Daughter were also not eligible for MNO-MA.

[15] Applicant also sought reconsideration of this order, which the Secretary denied. As only the BHA's order on the merits is before us, our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence. Woods Servs., Inc. v. Dep't of Pub. Welfare, 803 A.2d 260 (Pa. Cmwlth. 2002). In a proceeding to determine eligibility for public assistance benefits, the ALJ, as designee for the Secretary of the DHS, is the ultimate factfinder. Olivero v. Dep't of Pub. Welfare (Pa. Cmwlth., No. 1360 C.D. 2003, filed Jan. 29, 2004) (unreported). As the Secretary did not reverse any findings of fact found by the ALJ, the findings, if supported by substantial evidence, bind this Court. Woods.

## II. Discussion

On appeal, Applicant contests the calculation of Family's SNAP and MA benefits. Specifically, he raises a due process challenge based on the ALJ's refusal to consider all of the documents he submitted. He characterizes the dispute as a "purely **mathematical** and calculation issue .…" Pet'r's Br. at 11 (emphasis in original). He asks this Court to vacate the BHA's order and remand the case for recalculation of Family's eligibility for SNAP and MA benefits based on all relevant submitted documentation.

The Department counters that the ALJ did not abuse her discretion or commit legal error when she performed her calculations. It maintains the ALJ properly denied Applicant's appeals because his household income exceeded income eligibility limits for both programs.[16]

### A. Abuse of Discretion & Disregard of Evidence

Applicant insists that the ALJ disregarded his submitted documentation, which created an incomplete record and led to the ultimate miscalculation of SNAP and MA benefits. In failing to consider all available documents (e.g., financial statements, qualified expenses, notices, unemployment letters, logs and transactions, child support orders, and paystubs), he asserts the ALJ abused her discretion.

---

[16] The Department also asserts this Court should dismiss the petition for review based on the deficiencies in Applicant's uncounseled brief. It argues the brief is so defective that it precludes meaningful appellate review. See Smithley v. Unemployment Comp. Bd. of Review, 8 A.3d 1027 (Pa. Cmwlth. 2010). Despite the defects in Applicant's brief, we are able to discern and consider his arguments. As such, we decline to dismiss the petition for review on this basis.

10

We disagree. Applicant's contentions ignore requirements for verification and allowable expenses.

**1. Verification of Submissions**

The applicant bears the burden of establishing eligibility and verifying income or lack thereof. Timothy v. Dep't of Pub. Welfare, 427 A.2d 302 (Pa. Cmwlth. 1981). As a condition of eligibility, the applicant is required, to the extent that he is able, to provide sufficient information about his circumstances to enable the county assistance office to make a determination. 55 Pa. Code §201.1. See Neal v. Dep't of Pub. Welfare, 413 A.2d 1195 (Pa. Cmwlth. 1980) (applicant's testimony alone is insufficient). The applicant must substantiate the veracity of information by presenting documentary evidence. 55 Pa. Code §201.1.

Documentary evidence is not limited to any specific type, and may include wage stubs, requests for employment/earnings information, billing statements, benefit award letters, court orders, and correspondence on support payments. 7 C.F.R. §273.2(f)(4)(i). Wage and benefit information may also be received from automated sources.

The "verification" of resources, or lack thereof, is an essential part of the process in assessing an applicant's eligibility for public assistance benefits. Murphy v. Dep't of Pub. Welfare, 947 A.2d 214 (Pa. Cmwlth. 2008). As the United States District Court for the Eastern District of Pennsylvania explained, "[f]undamentally, the federal and state governments have an interest in not being defrauded for the benefit of the public …. All the substantiation factors are

11

necessary to achieve that end." Robinson v. Block (E.D. Pa., No. 84-4229, filed Dec. 23, 1987), 1987 WL 30132, at 17 (unreported), overruled on different grounds by Robinson v. Block, 869 F.2d 202 (3d Cir. 1989). An unsuccessful, but good faith attempt to obtain substantiation will not cause ineligibility. Id. However, the number of facts which require verification and the form of evidence needed to establish those facts is determined on a case-by-case basis and left largely to a caseworker's discretion. Id.

## 2. Deductible Expenses

Both SNAP and MA regulations permit a number of deductions from a household's countable gross monthly income. As for SNAP, eligible applicants may be able to deduct expenses including certain dependent care, shelter/utility, excess medical, and child support costs (at the state agency's option). 7 C.F.R. §§273.9(d), 273.10(d). As for MAGI-MA, deductible expenses include student loan interest, health savings account deduction, educator expenses, certain job-related moving expenses, and alimony paid, among other things. See Section 312.5 of the MA Handbook.

Here, the ALJ assisted Applicant by directing him to submit pre-designated exhibits, based on his testimony, to establish his burden of proving eligibility. Many of these anticipated exhibits related to Applicant's eligibility for deductible expenses under both SNAP and the MA benefit programs. However, Applicant did not submit documents in all of the pre-designated exhibit categories.

12

First, Applicant only submitted documentation for <u>five</u> out of the <u>eight</u> pre-designated exhibits. Despite his testimony regarding his entitlement to deductible expenses, Applicant provided no submissions for the following exhibits: A-1 (response to the Department's exhibits); A-2 (verification of moving expenses); and A-8 (verification of health savings account in 2015 and 2016). ALJ Adj. at 33-34. Pursuant to MA regulations, an applicant may be eligible to deduct certain job-related moving expenses, <u>see</u> Section 312.5 of the MA Handbook; however, without any submission regarding these expenses, Applicant did not establish he qualified for this deduction. Similarly, Applicant provided no documentation of his health savings account, therefore, the ALJ concluded he was not entitled to more than the $34.00 health savings account monthly deduction already allowed.

As for the documents he *did* submit, Applicant was ineligible for most deductions, and he did not provide adequate support for others.

Regarding exhibit A-3, Applicant submitted verification of unpaid medical bills through a one-page document which "appeared to be a medical bill but was not legible." ALJ Adj. at 8. Although MA regulations allow deductions for certain paid and unpaid medical expenses, the ALJ could not determine the probative value of the bill. Moreover, even if the bill had been legible, there was no indication that Family incurred thousands of dollars in medical expenses that would have been needed to reduce its countable income below the MNO-MA eligibility limit. ALJ Adj. at 37.

Similarly, while child support is a deductible expense under SNAP benefits, and alimony is a deductible expense under MA benefits, Applicant did not prove eligibility for either deduction. Regarding exhibit A-4, verification of the actual payments of child support and alimony in 2015 and 2016, Applicant provided the following: Notice of Process to File Exceptions (January 18, 2013); findings of the Support Conference Officer for the Montgomery County Court of Common Pleas (January 14, 2013); his Divorce Decree (September 14, 2012); a Pennsylvania Child Support Eligibility System (PACSES) tax report, and thirteen pages of the Pennsylvania Child Support Guideline worksheet based on a May 2010 order. ALJ Adj. at 8. None of this documentation substantiated Applicant's child support or alimony payments as a deductible expense under either program.

The SNAP regulations permit an income deduction for child support payments if there is a verified, legal obligation to pay child support, the payment is for a non-household member, and the applicant actually tenders support payment. See Chapter 560.61 of the SNAP Handbook (Child Support Deduction). Here, Applicant's submission of the Pennsylvania Child Support Guideline Worksheets did not substantiate proof of paid child support for a non-household member. Id. Likewise, Applicant produced no documentation of alimony he paid in 2015 and 2016. Instead, he submitted a copy of the order page from his 2012 divorce decree. Relevant here, the MAGI-MA regulations only allow a deduction for alimony *actually* paid by an individual, not for alimony an individual was *ordered to pay*. See Section 312.5 of the MA Handbook. As such, there was nothing in the record to support increasing the deductions for alimony ($500) that were already allowed.

14

Regarding exhibits A-6, verification of remodeling expenses, and A-7, verification of credit card expenses, Applicant submitted two short, self-typed statements in an attempt to verify expenses, without any other substantiation. These alone were insufficient to substantiate either expense. See Frankenfield v. Dep't of Pub. Welfare, 537 A.2d 397 (Pa. Cmwlth. 1988). The ALJ concluded that even if Applicant's self-prepared submissions, alleging remodeling expenses of $6,800, and credit card debt of over $25,000, were properly verified, they were not deductible under either SNAP or the MA benefit programs.

In fact, the only verified documentation Applicant supplied had no impact on Family's SNAP eligibility. For exhibit A-5, verification of child care expenses paid for in 2015 and 2016, Applicant submitted documentation of Daughter's child care expenses in 2016.[17] ALJ Adj. at 33. Although Applicant substantiated proof of Daughter's child care, totaling $9,190.00 in 2016, the ALJ concluded this expense also could not be deducted from Family's income. ALJ Adj. at 33, 36.

Because Family's countable household income exceeded the *gross income* limit, there is no net income computation, and deductions are not triggered.[18]

---

[17] The ALJ found Applicant's submission as to exhibit A-5 satisfied requisite verification standards. See ALJ Adj. at 33, 36.

[18] Section 568.21 of the SNAP Handbook presents an eight-step process for determining eligibility. The sixth step reads: "If gross income is less than or equal to the gross limit, compute the net income." Chapter 568.21 of the SNAP Handbook, (Application, Computing Eligibility) (emphasis added). However, if the household's income does not meet the gross income eligibility limits, then net income, which is calculated by subtracting deductible expenses from the gross income amount, need not be considered. Id. Because Family's gross income exceeded the gross income limit, the Department did not need to calculate Family's net income (although it did here) because Family was not entitled to any deductions.

See Chapter 568.2 of the SNAP Handbook (Application, Computing Eligibility). As such, no deductions may be made for shelter costs, utilities, property taxes, or any other housing expenses. Id.

### 3. Summary

In sum, we discern no abuse of discretion or disregard of Applicant's submissions.[19] That the ALJ did not deem submissions adequate or probative does not mean she disregarded them. Indeed, Applicant was afforded every opportunity to submit verification, and the ALJ even accepted and reviewed Applicant's untimely submission of documents. Despite the ALJ's thorough review, none of Applicant's submissions established Family's eligibility for SNAP benefits or Applicant's, Wife's, and Daughter's eligibility for MA benefits. Rather, the issue lies in Applicant's failure to submit any evidence that demonstrates the BHA erred in upholding the CAO Notices that discontinued the SNAP and MA benefits.

### B. Calculation Error

Applicant also generally contests the calculation of Family's household income for SNAP and MA benefits, arguing the eligibility determinations resulted from a mathematical error. Yet, he fails to point to any specific miscalculation.

---

[19] Additionally, Applicant submitted several documents that were not pre-designated by the ALJ as germane to the calculations. Such submissions included irrelevant information, much of which was written in Russian or "too blurred to be legible." ALJ Adj., 2/2/18, at 34. For example, Applicant submitted pages of the SNAP and MA Handbooks; information on the cash assistance income policy, which was not an issue; hearing-related documents, including parts of notices; and miscellaneous documents, like a printer cleaning page. Id.

Participation in a public benefits assistance program is need-based; therefore, one of the factors in calculating benefits is the income available to the household. See Section 432 of the Human Services Code,[20] 62 P.S. §432.

Applicant testified Wife did not work consistently in 2015. As a result, Wife's income was less than CAO reported, rendering the BHA's determination of ineligibility inaccurate. However, the applicant's annual income is not the relevant figure, "only the income to which he is entitled for the month concerned." Debkowski, 291 A.2d at 823. The ALJ concluded Applicant's submission of his UC benefits and Wife's pay stubs for the relevant months, which were "too blurred to be legible," did not contradict the CAO's determination of ineligibility. ALJ Adj. at 34. See Baker v. Dep't of Pub. Welfare, 393 A.2d 1064 (Pa. Cmwlth. 1978) (submission of a third-party letter stating the applicant had received a certain income on a particular date failed to substantiate income).

Thus, the ALJ correctly determined Family's household income for purposes of calculating eligibility was $6,124, i.e., the sum of Wife's income ($3,840)[21] and Applicant's UC benefits ($2,284). Accordingly, the ALJ made the following calculations:

---

[20] Act of June 13, 1967, P.L. 31, as amended, 62 P.S. §432.

[21] Wife's income in December 2015 ($7,222), without the $2,000 bonus was $5,222. As her monthly income was not uniform, in that it was substantially higher in December, the ALJ considered the testimony regarding her gross earnings of $3,834 in November 2015, and $3,840 in January 2016 to determine her monthly income. Lesser.

| SNAP Benefits | |
|---|---|
| **Computing Eligibility** | **Family** |
| *Determine income eligibility limits* Eligibility limits → number of persons in household | Five-person household (Dec. 2015) = Gross income limit (130%) of $3,078 & Net income limit (160%) of $3,789 |
| *Calculate gross income* Household income (before deductions) = gross income | $3,840 (Wife's monthly income) + $2,284 (Applicant's UC benefits) = $6,124 gross income |
| *Calculate net income* Gross income – eligible deductions = net income | $6,124 in gross income - Deductions (N/A, Family exceeded gross income) = $6,124 in net income |
| *Compare* Gross income v. gross income limit & Net income v. net income limit | $6,124 (gross income) exceeds $3,078 (gross income limit) by $3,000 & $6,124 (net income) exceeds $3,789 (net income limit) by $2,300 |

| MA Benefits | |
|---|---|
| **Computing Eligibility** | **Family** |
| *Determine income eligibility limits* Eligibility limits → number of persons in household | Five-person household (Jan. 2016) = Income limit (133%) of $3,153 |
| *Calculate income* Household income – deductions | $6,124 monthly income (household income) - $534 in deductions ($500 alimony + $34 health savings account) = $5,590 net income |
| *Subtract 5% disregard (if eligible)* 5% disregard: $118.50 *Only applied if its application would qualify applicant for benefits | $5,590 (net income) - 5% disregard not applied = $5,590 |
| *Compare* Income v. income eligibility limit | $5,590 (income) exceeds $3,153 (income limit) by over $2,000 |

Wife's income alone exceeded the eligibility limits under both the SNAP and MA programs. When added to Applicant's income from UC benefits, the combined income exceeded each program's income limits by $2,000 or more. Also, Family was not eligible for deductible expenses under either SNAP or MA

regulations, aside from the $500 alimony deduction and $34 health savings account deduction as applied to MA eligibility. The ALJ's calculations included these deductions, which were also allowed by the Department.

We recognize that "[i]n any program where income level is a criterion of eligibility, there will necessarily be persons in circumstances very close to, but not within, the required standard." McDaniel v. Dep't of Pub. Welfare, 370 A.2d 417, 419 (Pa. Cmwlth. 1977). This presents a case where, given the lines drawn in setting standards for low-income households, households like that of Applicant's, simply do not fall within the standards for purposes of public assistance benefits.

Upon review, we discern no calculation error in the BHA's eligibility determinations under SNAP or MA regulations. Rather, Family's monthly household income exceeded the income eligibility limits for each program, rendering Family ineligible.

### III. Conclusion

As outlined above, the ALJ properly considered Applicant's submissions when she denied his appeals. Because Applicant's household income exceeded the eligibility limits for both the SNAP and MA programs, the BHA did not err in affirming the Third Adjudication.

Accordingly, we affirm the BHA's order.

ROBERT SIMPSON, Judge

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Burda,                          :
                    Petitioner         :
                                       :
            v.                         :        No. 162 C.D. 2018
                                       :
Department of Human Services,          :
                    Respondent         :

# **O R D E R**

**AND NOW**, this 17th day of December 2019, the order of the Department of Human Services, Bureau of Hearings and Appeals, is **AFFIRMED**.


                        _____
                        ROBERT SIMPSON, Judge